[Sac. No. 2233. In Bank.—May 20, 1914.]

In the Matter of the Application of MATTIE E. DAVIDSON.

District Court of Appeal—Jurisdiction in Original Mandamus Proceeding—Entry of Default in Case Appealable to Supreme Court.—The district court of appeal has original jurisdiction of a proceeding by *mandamus* to compel a county clerk to enter the default of the defendant in a cause pending in the superior court, although the action in which the entry of default is sought is one in which the appellate jurisdiction is in the supreme court.

Id.—Jurisdiction Coextensive With That of Supreme Court.—The constitution gives the district court of appeal original jurisdiction of proceedings in *mandamus,* in language identical with that giving such jurisdiction to the supreme court. This jurisdiction in such

matters is, therefore, coequal with that of the supreme court, and does not depend upon the existence of appellate jurisdiction over the case to which the *mandamus* relates.

ID.—PROCEEDING CANNOT BE TRANSFERRED TO SUPREME COURT.—Rule XXXII of the supreme court does not apply to such a proceeding, and the district court of appeal had no authority to forward the papers therein to the supreme court, or to transfer the cause, and its order to that effect did not give the latter court jurisdiction of the proceeding.

APPLICATION for a Writ of Mandate, originally brought in the District Court of Appeals of the third appellate district, to compel the county clerk of San Joaquin County to enter the default of the defendant in an action pending in the Superior Court.

The facts are stated in the opinion of the court.

Webster, Webster & Bewett, for Petitioner.

A. H. Carpenter, and Walter T. Lynch, for Respondent.

THE COURT.—This is an original proceeding by *mandamus* begun in the district court of appeal of the third district to compel the county clerk of San Joaquin County to enter the default of the defendant in a cause pending in the superior court. It appears that the action in which the entry of default is sought, is an action in which the appellate jurisdiction is in the supreme court. Because of this fact, the justices of the district court of appeal were of the opinion that that court had no jurisdiction of the *mandamus* proceeding and, accordingly, an order was made in that court purporting to transfer the cause to the supreme court for hearing and decision, and the court forwarded the papers to the clerk of the supreme court, believing that it had power to do so under rule XXXII.

In this, the district court was in error. The constitution gives the district court of appeal original jurisdiction of proceedings in *mandamus,* in language identical with that giving such jurisdiction to the supreme court. Its jurisdiction in such matters is, therefore, coequal with our own and does not depend upon the existence of appellate jurisdiction over the case to which the *mandamus* relates. (*Hyatt* v. *Allen,* 54

Cal. 355.) Rule XXXII does not apply to such a case; consequently the district court had no authority to forward the papers to the supreme court or to transfer the cause, and its order to that effect does not give this court jurisdiction of the proceeding. We disapprove of *Rickey Land & Cattle Co.* v. *Glader,* 6 Cal. App. 114, [91 Pac. 414], on this point. The clerk of this court will return the papers in the cause to the clerk of the district court of appeal of the third district. The jurisdiction is with that court and it must proceed to a decision of the cause, as in other cases.