[Civ. No. 3690. First Appellate District, Division Two.—December 30, 1920.]

GRACE A. JOHNSTON, Petitioner, v. A. F. ST. SURE, as Judge, etc., Respondent.

[1] EVIDENCE—ACTION TO QUIET TITLE — DISCLAIMER BY HUSBAND — RIGHT TO CALL WIFE AS WITNESS.—In an action to quiet title to an undivided interest in certain property, brought against a wife and her husband, and others, where the husband, by his answer in which the wife joins, disclaims all interest in the property, he makes himself a nominal rather than a real party in interest; and, under section 2055 of the Code of Civil Procedure, the wife may be called by the plaintiff as a witness as if under cross-examination, without the consent of the husband.

PROCEEDING in Mandamus to compel A. F. St. Sure, as Judge of the Superior Court of Alameda County, to direct a wife to answer questions propounded to her in the taking of her deposition. Writ issued.

The facts are stated in the opinion of the court.

Hayes & Oliphant· for Petitioner.

Edwin T. Cooper for Respondent.

NOURSE, J.—This is an original proceeding in *mandamus* to require the respondent, as judge of the superior court, to direct Carrie E. Bridge to answer questions propounded to

her in the taking of her deposition in a proceeding pending in that court. The sole question at issue is whether the said witness, being jointly sued with her husband as a party defendant in said action, may be interrogated without his consent. The action is one to quiet title to an undivided one-half interest in certain real property situated in the county of Alameda, for an accounting of the rents, issues, and profits thereof, and to declare that the defendant Carrie E. Bridge, in whom the record title stands, holds such undivided one-half interest therein in trust for the plaintiff. Some fifteen other persons were joined as defendants, some of whom it is said have been served and appeared in the action. The defendants Carrie E. Bridge and H. S. Bridge, her husband, filed their joint answer verified by the oath of said H. S. Bridge, in which they expressly denied the allegations of the complaint that said Carrie E. Bridge has no interest, right, title, or claim in and to said real property and that she holds the naked legal title thereto to the use or benefit of the defendant H. S. Bridge, or in trust for him. They also expressly denied that at any of the times mentioned in plaintiff's complaint the defendant H. S. Bridge was the owner of an undivided interest in the property, and expressly alleged that the defendant Carrie E. Bridge at all the times in plaintiff's complaint referred to "was and she now is the owner in fee of all the real property in plaintiff's complaint referred to and described, and of every interest therein, except those portions thereof which have been sold or contracted to be sold by her to certain persons named in this answer."

By this answer the defendant H. S. Bridge disclaimed all interest in the property involved in the action and made himself a nominal rather than a real party in interest. His wife joined with him in this disclaimer.

When she was cited to appear before a notary for the purpose of having her deposition taken by plaintiff she refused to answer any questions propounded to her upon the ground that she was an incompetent witness under the provisions of subdivision 1, section 1881, of the Code of Civil Procedure. The provisions of this section, so far as material hereto, read; "A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband, without his consent; nor can either,

during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage.'' It is freely conceded by petitioner that the last portion of the section just quoted prevents the examination of either a husband or a wife as to any communication made by one to the other during the marriage unless the consent of the other is given. No question of the violation of confidential communications made during the marital relation is involved, the sole question being whether the wife may be examined in this proceeding without her husband's consent so long as he is a party to the action.

Counsel concede that when the action is one for or against either a husband or wife alone, the other may not be examined as a witness in said action without the consent of the party, because necessarily the evidence so given must be either for or against the spouse who is a party to the action. Many cases of other jurisdictions are cited to this effect, but the rule in this state is clearly announced by the recent decision of the supreme court in *Marple* v. *Jackson*, 184 Cal. 411, [193 Pac. 940]. These authorities generally relate to a case wherein one spouse alone is a party and are of little assistance in a determination of the question herein presented. The case of *Nicklaus* v. *Dahn*, 63 Ind. 87, comes closest to the matter under discussion. Therein the supreme court of Indiana said: ''The general rule is, that neither husband nor wife can be a witness for or against each other; yet, when they jointly sue, or are jointly sued, and have separate interests, each is a competent witness— the husband for himself and the wife for herself.''

[1] In the present case, by the answer which the husband and wife have jointly filed, the wife is the only one of the two who is a real party to the suit. By the provisions of section 2055 of the Code of Civil Procedure, she may be called by the plaintiff as a witness as if under cross-examination. Having alleged that her husband is not a party in interest in the suit, she cannot now claim that he is a real party in interest so that her testimony would be either for or against him. On the other hand, the husband having expressly disclaimed any interest in this property, and having joined with his wife in the allegation that she alone was

the real party in interest, he cannot now be heard to say that the testimony of his wife would be either for or against him.

As to the main issue in the case, to which all the questions included in the record were directed, both the husband and wife have removed themselves from the privileges of the statute by their joint answer, and have by the same answer waived the privilege. Thus the parties having by their joint answer made the witness the sole party in interest in the main issue of the suit, the plaintiff was entitled, under the provisions of section 2055 of the Code of Civil Procedure, to examine her as if upon cross-examination, confining the inquiry to her separate property interests. Furthermore, her testimony was admissible on the main issue of the case against the many other defendants who were joined as parties, because by the husband's own allegations such testimony could not be either for or against him.

Let the writ issue as prayed.

Brittain, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 28, 1921.

Shaw, J., Lawlor, J., Wilbur, J., Olney, J., and Sloane, J., concurred.

Angellotti, C. J., and Lennon, J., voted for granting of petition.