[S. F. No. 11292.  In Bank.—September 3, 1924.]

# PHILIP REILLY, Petitioner, v. POLICE COURT OF THE CITY OF OAKLAND, etc., Respondent.

[1] PROHIBITION—REFUSAL BY DISTRICT COURT OF APPEAL—RES ADJUDICATA.—A writ of prohibition for the purpose of preventing a police court from proceeding with the trial of a prosecution claimed to be based on a void complaint having been refused by the district court of appeal, and the refusal of the latter court having become final, its adjudication is *res adjudicata* as against the applicant who later seeks a writ of prohibition from the supreme court against the same parties and for the same purpose upon an application based upon a state of facts identical with those presented in the proceeding before the district court of appeal and involving the same questions as were there presented.

[2] ID.—DENIAL OF WRIT WITHOUT OPINION—FINAL ADJUDICATION.—The denial *ex parte* and without the filing of an opinion by an appellate court of an original application for a writ (other than the writ of *habeas corpus*) is a final adjudication that upon the facts stated in the application, assuming them to be true, the petitioner is not entitled to the writ prayed for.

[3] ID. — PENDING APPEAL — REFUSAL OF WRIT BY DISTRICT COURT OF APPEAL—GROUND OF REFUSAL BY SUPREME COURT.—If it could be assumed contrary to the express allegations of the applicant made to the supreme court for the writ of prohibition that the denial of the application for such a writ by the district court of appeal was predicated upon the circumstance that the same question presented by the application was involved in the appeal from the judgment of the superior court denying a writ of prohibition, which appeal was then and is still pending in such district court of appeal, the same circumstance would move the supreme court to deny the application made to it, the appeal involving the same questions which would be here involved if an alternative writ were to be granted.

[4] ID.—REMEDIES—COURTS.—A litigant will not be permitted to seek the same remedy upon the same state of facts in two different courts at the same time and pursue them both concurrently to a conclusion.

[5] ID.—PENDING TRIAL — APPEAL — QUESTIONS NOT MOOT.—The fact that the trial which the applicant at the time thereof was attempting to prevent by the writ of prohibition has already taken place does not render nugatory his appeal from the judgment of

1. See 15 Cal. Jur. 97; 15 R. C. L. 953.

the superior court denying the writ of prohibition, nor does it render the questions presented by the appeal moot, such trial, as well as one which followed it, having resulted in a "hung jury," with the consequence that the case still remains pending and undetermined in the police court.

(1) 34 C. J., p. 762, sec. 1175.    (2) 34 C. J., p. 763, sec. 1176. (3) 15 C. J., p. 1135, sec. 583.    (4) 15 C. J., p. 1131, sec. 579.    (5) 4 C. J., p. 577, sec. 2383.

APPLICATION for a Writ of Prohibition to prevent the Police Court of the City of Oakland from proceeding with a trial of a criminal charge.    William J. Hennessey, Judge. Application denied.

The facts are stated in the opinion of the court.

Raine Ewell for Petitioner.

THE COURT.—This is an application for a writ of prohibition to prevent the respondent court from proceeding with the trial of the petitioner upon a charge of criminal libel now pending before it, upon the ground that the complaint therein does not state facts sufficient to charge a criminal offense and upon the further ground that the respondent court has no jurisdiction of the subject matter thereof in that the Whitney Act (Stats. 1885, p. 213) and the act of 1901 (Stats. 1901, p. 576) are unconstitutional and void. The facts of this case are stated by petitioner as follows:

"This is an application for an alternative writ of prohibition, in the Supreme Court to prohibit a third successive trial on a void complaint in a Police Court of Alameda County, for the crime of libel. On the first trial on the same set of facts the Superior Court issued an alternative writ of prohibition, staying all proceedings until final determination of said special proceeding. A demurrer to petition was interposed by respondents, that the Police Court complaint was sufficient to sustain a conviction, which demurrer was sustained without leave to amend, judgment entered on demurrer and appeal duly taken and perfected, transcript filed in District Court of Appeal, a stay on said appeal was refused by the Superior Court, after appeal perfected and a writ of Supersedeas refused by the District Court of Appeal and a writ of Prohibition refused by the

District Court of Appeal each and all based on the ground that petitioner would have to submit to be tried upon said void complaint and that if he was convicted he would have a remedy by an appeal from the judgment to the Superior Court.''

[1] Upon the facts thus stated we must conclude that the questions which petitioner is here asking us to consider and determine are *res adjudicata* as against him. He shows that he has heretofore applied to the district court of appeal for a writ of prohibition for the purpose of preventing these respondents from proceeding with the trial of the same prosecution based upon the same complaint which is involved herein. That application of necessity involved the same legal and constitutional questions which would be involved herein. The refusal of that court to grant the writ prayed for was an adjudication that upon such a state of facts (identical with the facts herein) petitioner was not entitled to the relief prayed for. It would be useless for us now to inquire whether that judgment was correct or erroneous. Having become final, it is now conclusive upon the parties thereto and upon all other courts in a proceeding between the same parties involving the same questions. In *Dawson* v. *Superior Court,* 158 Cal. 73 [110 Pac. 479], this court decided that the judgment of the district court of appeal denying on its merits an application for a writ of prohibition is a bar to a subsequent application in the supreme court. In that case the question was reserved as to whether such an adjudication would be a bar if made otherwise than upon the merits. Petitioner expressly alleges herein in effect that the adjudication of the district court was on the merits. He alleges that the denial of the writ by that court was ''on the ground that the remedy of the petitioner was to submit to be tried in said Police Court on said complaint and that if convicted then petitioner would have his remedy after conviction and during his imprisonment at the discretion of the Police Court if the bail were increased to an amount above that which petitioner could procure, by an appeal from the judgment of conviction, notwithstanding that the complaint failed to state a public offense.'' [2] It has since been decided that the denial *ex parte* and without the filing of an opinion by an appellate court of an original application for a writ (other than the writ of *habeas corpus*)

is a final adjudication that upon the facts stated in the application, assuming them to be true, the petitioner is not entitled to the writ prayed for (*Napa Valley Electric Co.* v. *Railroad Commission of California,* 251 U. S. 366 [64 L. Ed. 310, 40 Sup. Ct. Rep. 147]; *People* v. *Hadley,* 43 Cal. App. Dec. 736 [226 Pac. 836, 838]).  [3]  If it could be assumed contrary to the express allegations of the petitioner herein that the denial of the application by the district court of appeal in this case was predicated upon the circumstances that the same question was involved in the appeal from the judgment of the superior court then pending in such district court (see *Lickley* v. *County Board of Education,* 62 Cal. App. 527 [217 Pac. 133]), the same circumstance would move this court to deny the present application.  The appeal from the judgment of the superior court denying the writ of prohibition is still pending and undetermined in the district court of appeal and of necessity involves the same questions which would be involved herein if we were to grant an alternative writ.  [4]  A litigant will not be permitted to seek the same remedy upon the same state of facts in two different courts at the same time and pursue them both concurrently to a conclusion.  [5]  Petitioner argues that the questions presented by his appeal from the judgment of the superior court have become moot and his appeal rendered nugatory by reason of the fact that the trial which he was then attempting to prevent by the writ of prohibition has already taken place.  That trial did not reach a conclusion.  That trial as well as the one which followed it resulted in a "hung jury," the jurors upon each trial being unable to agree upon a verdict.  Therefore the case still remains pending and undetermined in the respondent court.  Otherwise there would be no occasion for the present application for a writ of prohibition to prevent that court from proceeding with the trial thereof.  So long as this state of facts obtains the questions involved upon the appeal to the district court of appeal cannot be regarded as moot or that appeal deemed nugatory.

The application is denied.