[Civ. No. 6157. Second Appellate District, Division Two.—November 5, 1928.]

WALTER S. SHORT, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Shoemaker & Sammons for Petitioner.

Clarke & Bowker for Respondent.

WORKS, P. J.—Walter S. Short, the petitioner in the present proceeding, filed in respondent court his complaint in an action against Helen W. Short, his wife. The action was commenced for the purpose of procuring a divorce. The wife interposed an answer in which she alleged that an earlier litigation had occurred between her and her husband in a court of competent jurisdiction in the state of Washington, in which litigation a judgment had been rendered, and that the judgment had become final. It was also alleged in the answer that this foreign judgment had required, among other things, the making of certain payments by the husband to the wife, that he had failed and neglected to make the major portion of the payments and that he was in contempt of the foreign court because of such failure and neglect. The answer prayed that the action in respondent court be abated until the husband should purge himself of the contempt.

Upon this state of the pleadings the action for divorce came on for trial in respondent court. The judgment of the Washington court was received in evidence. Respondent court then gave the wife leave to file an amended answer "to conform to the proof." This pleading was filed,

and it prayed that the foreign judgment, because of certain matters adjudged in it which need not be mentioned here, be determined to be *res adjudicata* of all the matters pleaded by the husband in his complaint for divorce. The husband had objected to the introduction in evidence of the Washington judgment. He also objected to the granting of leave to file an amended answer. These objections were both overruled. The husband also insisted that respondent court hear evidence under the allegations presented by his complaint for divorce, but the court declined to hear further evidence in the cause and it was ordered submitted for decision. Thereafter respondent court made its findings of fact and rendered its judgment. The judgment was to the effect that plaintiff be denied a divorce and that he take nothing by his action. The plaintiff, the husband, then petitioned this court, upon notice, for a peremptory writ of mandate to require respondent court "to proceed to trial with said cause of action [for divorce] upon the merits of all the issues raised by the pleadings in said action." No alternative writ was ever issued.

█ Petitioner contends that he has no right of appeal from the judgment rendered by respondent court, but this cannot be true. The judgment was a plain, ordinary, final judgment, and the right to appeal from it is secured by the provisions of subdivision 1 of section 963 of the Code of Civil Procedure. As will appear from what is said below, this point is of interest only because, even at this late day, we might possibly, without deciding whether we could, order a writ of review under the allegations of the petition now before us if there were no right of appeal.

It is further insisted by petitioner that if he has a right of appeal the remedy is neither speedy nor adequate. For the reasons to be stated in the next paragraph of this opinion, this question does not arise in the proceeding.

█ This is not a proper case for the writ of mandate. Except for a certain special purpose which is not presented here, the writ will issue only "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station" (Code Civ. Proc., sec. 1085). The law enjoined upon respondent court no duty to receive any particular evidence in petitioner's suit for divorce. The only duty of the court was to try the action

and to render judgment. This it has done. If any errors have been committed during the progress of the trial they cannot be corrected by means of the writ of mandate. This rule is too well settled to require the citation of authority in its support.

A writ of mandate is denied.

Craig, J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 5, 1928, and petitioner's application to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 31, 1928.