[Civ. No. 7224. Second Appellate District, Division Two.—March 5, 1930.]

RHONIE GUBIN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

C. C. Montgomery, Ben C. Cohen and Sam Wolf for Petitioner.

Paul W. Schenck for Respondents.

THOMPSON (IRA F.), J.—The petitioner seeks the writ of mandate to compel the respondent court to receive testimony. Simply stated, the proposition presented to us is this: The petitioner here sued her husband in the respondent court for divorce and incidentally for a division of the community property. She joined' the defendant's brother, Oscar Gubin and his wife, Bertha Gubin, as defendants alleging that the two latter held the record title to property, which in truth and in fact belonged to herself and her husband as community property. After Bertha Gubin was called to the stand under section 2055 of the Code of Civil Procedure, her counsel objected to plaintiff's counsel interrogating her with respect to the sources from which the money was secured with which the property was purchased on the ground that by subdivision 1 of section 1881 of the Code of Civil Procedure neither a wife nor a husband may be examined for or against the other without the other's consent. This objection was sustained, the trial judge indicating that he would also uphold counsel's contention that the husband could not be examined for or against the wife without her consent. It is this line of testimony which the petitioner asks us to compel the trial judge to receive. This we must decline to do, not on the ground that the testimony is not receivable, which point we expressly disclaim any intention of passing upon in this proceeding, but for the reason that we cannot make use of this high prerogative writ for the purpose here sought.

We are fully aware of the confident reliance placed by petitioner on the cases of *Johnston* v. *St. Sure,* 50 Cal. App. 736 [195 Pac. 947], and *Wissman* v. *Cabaniss,* 34 Cal. App. 487 [168 Pac. 150], but we think those authorities fail to hit the mark. In neither of the cited instances was the appellate tribunal called upon to direct a trial court during the trial of the action what evidence it should receive. In both cases the deposition of the spouse was being taken and the writ was utilized for the purpose of directing the judge taking the deposition to receive the testimony. That is quite different from attempting to prevent the court from committing error during the progress of a trial. We adhere to the opinion written by us in *Short* v. *Superior Court,* 94 Cal. App. 664 [271 Pac. 783], wherein we said: "The law enjoined upon respondent court no duty to receive any particular evidence in petitioner's suit for divorce. The only duty of the court was to try the action and to render judgment. This it has done. If any errors have been committed during the progress of the trial, they cannot be corrected by means of the writ of mandate."

It is asserted that because Oscar Gubin applied for and was denied a writ of prohibition by another division of this court at a time when testimony was being taken by a court commissioner, to prevent him from receiving the same character of evidence which it is now sought, by this proceeding to compel the respondent court to admit, we are bound by that refusal although the denial was *ex parte.* Our attention is directed to *Reilly* v. *Police Court,* 194 Cal. 375 [228 Pac. 860], to support the argument, in which case it was decided that the denial of a writ of prohibition by the District Court of Appeal without the filing of a written opinion, to prevent an inferior court from proceeding with the trial of an action, is a bar to a subsequent application to the Supreme Court for the same relief upon the same facts. The correctness of this conclusion cannot be doubted. But in the instant cause we can very properly assume that the writ of prohibition was denied for the same reason that the peremptory writ of mandate here sought should not issue, i. e., that a proper case was not made out for the use of the writ.

A writ of mandate is denied.

Works, P. J., and Craig, J., concurred.