CONSOLIDATED FREIGHTWAYS, Inc., v.
RAILROAD COMMISSION OF
CALIFORNIA et al.

No. 21713-R.

District Court, N. D. California, S. D.
Jan. 6, 1941.

270

William Farnum White, of San Francisco, Cal., for plaintiff.

Ira H. Rowell, Scott Elder, and Spurgeon Avakian, all of San Francisco, Cal., for defendant.

Before WILBUR, Circuit Judge, and ST. SURE and ROCHE, District Judges.

ROCHE, District Judge.

Plaintiff, Consolidated Freightways, Inc., seeks to enjoin defendant, the Railroad Commission of the State of California, from enforcing its order directing plaintiff to cease and desist from charging and collecting rates less than the minimum imposed for the transportation of property in the City and County of San Francisco by defendant, pursuant to the City Carriers' Act of California, Stats.1935, Ch. 312, p. 1057, as amended, Deering's General Laws, Act 5134. Plaintiff's deliveries which are the subject of this litigation, consist of local transportation of pool car shipments received from eastern points of origin. Plaintiff alleges that defendant lacks jurisdiction to regulate rates to be charged and collected on such deliveries.

Defendant contests plaintiff's right to an interlocutory injunction on four grounds: 1. the subject matter of this action has been litigated before the Supreme Court of California and is therefore res judicata; 2. the complaint fails to state grounds for equitable relief; 3. the District Court lacks jurisdiction; 4. plaintiff's deliveries are subject to regulation.

Defendant's assertion of res judicata, if found to possess merit, will make it unnecessary for the court to consider the remaining grounds of defense raised by defendant in its answer. Therefore, the question for decision is as follows: Is an order of the Railroad Commission of the State of California, upheld by the State Supreme Court in its ruling denying a writ of review, a bar to further litigation on the same subject matter in this tribunal?

The case of Napa Valley Electric Co. v. Railroad Commission of California, D.C. 1919, 257 F. 197, 199, raised a similar question. Plaintiff sought an injunction against a rate order of the Railroad Commission of the State of California after the State Supreme Court had denied a petition for a writ of review, without an opinion. In the Napa case (affirmed by the Supreme Court, 1920, 251 U.S. 366, 40 S.Ct. 174, 64 L.Ed. 310), the court held that the matter was res judicata and that the bill of complaint must be dismissed. The District Court declared:

"In this state of the case I am unable to perceive how the objection that the action of the state court is conclusive of the controversy, and that plaintiff is now precluded from bringing the same grievance here, may be avoided. It has had its day in court. * * * While it might have sought a review of the decision of the state court at the hands of the Supreme Court of the United States by appropriate proceedings * * * it did not see fit to do so, and it cannot now be heard to litigate the controversy anew in this court. * * *

"The contention by plaintiff that the ruling of the state court is not a proper predicate for invoking the doctrine of res judicata, in that it is not a judgment 'on the merits,' but purely a negative determination or refusal to assume jurisdiction, is unsound. We are bound to assume, if we accept the averments of the bill, that the petition put that court in full and complete possession of all the facts upon which it relies here * * *; and, that being true, the denial of the petition was necessarily a final judicial determination * * *, based on the identical rights asserted in this court, and it was between the same

parties. Such a determination is as effectual as an estoppel as would have been a formal judgment upon issues of fact. * * * Nor is it material that the reasons for the conclusion reached by the court are not given. We are not concerned with the reasoning, but only with the judgment, and it must be assumed in support of the latter that upon the facts presented to it the state court upon due consideration reached the conclusion that plaintiff's rights had not been violated."

This decision, which is well supported by the authorities, is controlling in the case before this court. See Grubb v. Public Utilities Commission, 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Wallace Ranch Water Co. v. Railroad Commission et al., 9 Cir., 1931, 47 F.2d 8; Finn v. Railroad Commission et al., D.C., 1933, 2 F.Supp. 891; and other decisions.

Plaintiff presents the following objections to the application of the defense of res judicata: 1. the California Supreme Court's judgment is legislative in character and hence does not operate as a bar to this suit; 2. the defense is non-jurisdictional and may be waived until after a trial on the merits; 3. defendant has not raised this defense in accordance with the requirements of correct pleading.

In support of its contention that the ruling of the California Supreme Court is non-judicial, plaintiff relies upon cases in which a state court has been empowered to act in a legislative capacity (Prentis v. Atlantic Coast Line Co., 1908, 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150) in which plaintiff has failed to exhaust his legislative remedies (Palermo Land & Water Co. v. California Railroad Commission, D.C.1915, 227 F. 708), and in which plaintiff has failed to petition for review as provided by state law. Marin Municipal Water District v. North Coast Water Co., 1918, 178 Cal. 324, 173 P. 473. These cases are not authorities for plaintiff's contention that a writ of review in the State Supreme Court is merely an exhaustion of a legislative remedy and does not give rise to a judicial decision. The law in California is that the State Supreme Court, in reviewing an order of the Railroad Commission, acts solely in a judicial capacity. Public Utilities Act, Stats.1915, Ch. 91, p. 115, as amended, § 67; Pacific Tel. & Tel. v. Eshleman, 1913, 166 Cal. 640, 137 P. 1119, 50 L.R.A.,N.S., 652, Ann.Cas.1915C, 822. Thus, a judicial decision was rendered in the principal case, and there is no merit to plaintiff's first defense.

■■ With respect to the court's right to proceed with a trial on the merits because of a waiver of the defense of res judicata, it is sufficient to state that defendant has set up the defense in its answer and has urged the court to pass upon it at this juncture of the case. Nor is there any doubt but that res judicata may be considered on a motion for a preliminary injunction and may be the basis for a denial of such an injunction. Betts v. Railroad Commission, D.C.1933, 6 F.Supp. 591, affirmed, 1934, 291 U.S. 652, 54 S.Ct. 563, 79 L.Ed. 1046; Baker Driveaway Co. v. Hamilton, D.C.1939, 29 F.Supp. 693. Since there has been no waiver at this stage of the proceedings, plaintiff's second defense is without merit.

■ Finally, plaintiff has argued that (a) if res judicata is to be relied upon as a defense, it must be raised by a motion to dismiss, rather than by answer, and that (b) even if this defense is applicable when set out in the answer, it cannot be the basis for an interlocutory injunction because defendant has failed to verify its answer. These two objections are groundless. Rule 8(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, specifically permits res judicata to be raised by answer, thus disposing of plaintiff's first objection to the form of the pleadings. Rule 11 declares that pleadings need not be verified unless expressly required by rule or statute. There is no such requirement under circumstances such as those before the court. It is unnecessary to require a verified answer in a suit in which the defendant relies upon allegations set forth in plaintiff's verified complaint, as does defendant in the case at bar. Thus, plaintiff's second argument against the form of pleadings must be overruled. (Even in the absence of any verification, this court may take judicial notice of the decision of the California Supreme Court in this same controversy, Bakers Driveaway Co., Inc., et al. v. Hamilton, above.)

The objections to the application of the defense of res judicata are without foundation. If plaintiff is dissatisfied with the California Supreme Court's decision, it may appeal to the United States Supreme Court, Jud.Code 237, 28 U.S.C.A. § 344.

The motion for an interlocutory injunction is denied, and the suit is dismissed, upon preparation of findings of fact and conclusions of law in accordance with Rule 52 of the Rules of Civil Procedure. Plaintiff will bear costs.