[L. A. No. 18604.  In Bank.  Apr. 30, 1943.]

THE FUNERAL DIRECTORS ASSOCIATION OF LOS ANGELES AND SOUTHERN CALIFORNIA (a Voluntary Association), Appellant, v. BOARD OF FUNERAL DIRECTORS AND EMBALMERS OF THE STATE OF CALIFORNIA et al., Respondents; BURTON H. ARMSTRONG et al., Interveners and Respondents.

W. L. Pollard for Appellant.

Frank J. Barry for Respondents.

Morse Craig and Moody & Whitney for Interveners and Respondents.

SCHAUER, J.—The sole question before us is whether or not a minute order of this court denying, ex parte and without written decision, a petition made directly to this court for a writ of mandate to compel respondent Board of Funeral Directors and Embalmers to enforce a ''judgment and sentence'' pronounced by such board, renders res judicata a subsequent petition for the writ, made to the superior court and containing averments and exhibits substantially identical with those of the earlier petition to this court. The parties are the same. We state unequivocally that such minute order was not intended to, and did not, constitute a decision upon the merits of the petition, and therefore is not a bar to the subsequent proceeding.

The petition made directly to this court was filed on July 2, 1941, and on July 17, 1941, was denied by the following minute order: ''The petition for a writ of mandate is denied.''

Thereafter and on August 15, 1941, petitioner filed in the Superior Court of Los Angeles County the second petition. An alternative writ was issued by the superior court on August 22, 1941, returnable on September 24, 1941. On the return day the superior court discharged the alternative writ and denied a peremptory writ on the ground that, as pleaded by respondents, the denial by this court of the earlier petition rendered res judicata the matters set forth in the petition to the superior court.

Petitioner (appellant herein) contends:

1. That under article VI, section 24, of the California Constitution, it is entitled to a written decision from this court, stating the grounds thereof, and that therefore the minute order of July 17, 1941, if intended as a judgment on the merits, is void. The mentioned section of the Constitution provides: ''. . . . In the determination of causes all decisions of the Supreme Court and of the District Courts of Appeal shall be given in writing, and the grounds of the decision shall be stated.''

2. That this court's denial by minute order of the earlier petition may have been intended not to constitute a judgment on the merits, but to be merely a refusal to take jurisdiction for any one or more of seven suggested reasons, including failure by petitioner to show that the matter involved was of sufficient moment to justify the court in exercising its original jurisdiction (see Cal. Const., art. VI, secs. 4, 4½, 5;

Code Civ. Proc., sec. 1085; rule XXVI of Rules for the Supreme Court and District Courts of Appeal).

3. That to sustain a plea of res judicata it must be proved that the judgment or decision pleaded in support thereof was on the merits.

4. That if the plea of res judicata is sustained petitioner will be denied both a hearing and a judgment on the merits.

■ Petitioner's first contention may be disposed of by stating that this court has never considered and does not now consider that its initial action in issuing or declining to issue a prerogative writ on ex parte application, constitutes such a "determination of [a] cause" (Cal. Const., art. VI, sec. 24) as to require a written decision. It is only after an alternative writ has been issued that the matter becomes a "cause," the determination of which, i.e., the granting or denying of a peremptory writ, requires a written decision. As was stated by this court, speaking through Mr. Justice Shenk, in *Metropolitan Water District* v. *Adams* (1942), 19 Cal.2d 463, 468 [122 P.2d 257] : "When not conducting an open session, the [Supreme] court is convened in executive sessions at least two times each week. At these sessions numerous matters are ruled upon, such as applications for writs, petitions for transfer from the District Courts of Appeal, and petitions for rehearing of our own decisions. These matters are disposed of by order of at least four members of the court, but no oral argument thereon is provided for by the Constitution or otherwise permitted, and no grounds for the rulings are stated in writing, except in very rare cases in the discretion of the court."

Petitioner cites the cases of *Oliver* v. *Superior Court* (1924), 193 Cal. 61 [223 P. 558] ; *Matter of Application of Davidson* (1914), 167 Cal. 727, 729 [141 P. 216], and *People* v. *Hayne* (1890), 83 Cal. 111, 123 [23 P. 1, 17 Am.St.Rep. 217, 7 L.R.A. 348], in support of its contention that it was entitled to a written decision. Scrutiny of those cases discloses that the only one seemingly in point is *Oliver* v. *Superior Court,* and it is readily distinguishable from the instant case in that there *an alternative writ was issued by the District Court of Appeal* and a peremptory writ was *thereafter* denied without written opinion. Upon application for transfer to this (the Supreme) court, *in respect to the situation then before us,* we stated that the provisions of the Constitution requiring written decision applied to mandamus proceedings. That is the law; there was, however, no suggestion that the issuance or denial

of an *alternative* writ required a written opinion stating the grounds of the decision.

In answer to petitioner's second contention—that the minute order of July 17, 1941, may have been merely a refusal by the Supreme Court to assume jurisdiction—respondents argue that the cases of (1) *Napa Valley Co.* v. *Railroad Com.* (1920), 251 U.S. 366 [40 S.Ct. 174, 64 L.Ed. 310]; (2) *People* v. *Hadley* (1924), 66 Cal.App. 370 [226 P. 836]; (3) *Reilly* v. *Police Court* (1924), 194 Cal. 375, 377 [228 P. 860]; and (4) *Gubin* v. *Superior Court* (1930), 104 Cal. App. 331, 333 [285 P. 1071], have settled conclusively that the minute order constituted an adjudication on the merits that upon the facts stated in the petition for writ of mandate petitioner was not entitled to the writ. With this argument we do not agree.

In the Napa Valley case, *supra,* application was first made by an electric company to this court for a writ of review for the purpose of annulling certain orders of the *State Railroad Commission* fixing the rates to be charged by the company. This court refused, without written decision, to issue a preliminary writ. Thereafter the company sought in the District Court of the United States to enjoin enforcement of the Commission's orders, and that court dismissed the proceedings upon the ground that the controversy was res judicata. Upon appeal to the Supreme Court of the United States it was held (at p. 373 of 251 U.S., p. 313 of 64 L. Ed.) that "the denial of the petition [for writ of review, by the California Supreme Court] was necessarily a final judicial determination, . . . based on the identical rights," and that "Such a determination is as effectual as an estoppel as would have been a formal judgment . . ." Also, in *People* v. *Hadley* (1924), *supra,* 66 Cal.App. 370, 375 [226 P. 836], it was held, on the authority of the Napa Valley case, *supra,* that the denial by this court without written opinion of an application for writ of review of an order of the Railroad Commission constituted "a final adjudication of the correctness and the validity of the decision which it is attempted to have reviewed." As pointed out by petitioner, however, in both the Napa Valley case and *People* v. *Hadley* the application was for review of an order of the *Railroad Commission,* over whose orders this court has *exclusive* power of review (Public Utilities Act, sec. 67 [Stats. 1915, pp. 115, 161; Act 6386, Deering's Gen. Laws (1937), p. 3175]; *Truck Owners etc.*

*Inc.* v. *Superior Court* (1924), 194 Cal. 146, 153 [228 P. 19];
*Miller* v. *Railroad Commission* (1937), 9 Cal.2d 190, 195 [70 P.
2d 164, 112 A.L.R. 221]), while in the case before us the court
was dealing with an application for a prerogative writ which
could (and properly should) have been presented to the *supe-
rior court* in the first instance (*Brougher* v. *Board of Public
Works* (1928), 205 Cal. 426, 440-441 [271 P. 487]; *Roma
Macaroni Factory* v. *Giambastiani* (1933), 219 Cal. 435, 436,
438 [27 P.2d 371]). The same situation as in the Napa Valley
and Hadley cases appears in *Southern Cal. Edison Co.* v.
*Railroad Com.* (1936), 6 Cal.2d 737, 747 [59 P.2d 808];
*Wallace Ranch Water Co.* v. *Railroad Com'n* (1931), C.C.A.,
9th Cir.), 47 F.2d 8, 9; and *Betts* v. *Railroad Commission*
(1933, D.C., Cal.), 6 F.Supp. 591, 592. In each of those
cases it was held that this court's denial without written
opinion of an application to review an order of the *Railroad
Commission* constituted a determination on the merits of the
questions presented by the application. In *Geibel* v. *State Bar*
(1939), 14 Cal.2d 144 [93 P.2d 97], this court's denial with-
out written opinion of a petition to set aside a previous decision
rendered by it was held to render res judicata the issues on
a subsequent motion, made on the same grounds as the earlier
petition, to vacate and set aside the same decision. There,
again, however, this court was the sole tribunal available in
the premises, and our denial of the earlier petition necessarily
included a determination of the merits thereof.

*Reilly* v. *Police Court* (1924), *supra,* 194 Cal. 375 [228 P.
860], the third case relied upon by respondents as establish-
ing that our minute order of July 17, 1941, constituted a
decision on the merits, was an application for a writ of prohi-
bition. In that case the court points out that it was expressly
alleged in the petition for the writ that a prior application to
the District Court of Appeal had been denied on the ground
that petitioner's proper remedy would be by appeal. The
court says, "Petitioner expressly alleges herein in effect that
the adjudication of the district court was on the merits."
Therefore, the statement made in that case (at p. 377 of
194 Cal.) that "It has . . . been decided that denial *ex parte*
and without the filing of opinion by an appellate court of an
original application for a writ (other than the writ of *habeas
corpus*) is a final adjudication that upon the facts stated in
the application, assuming them to be true, the petitioner is
not entitled to the writ prayed for," may be considered to be

in the nature of a dictum, so far as applicability to the instant case is concerned, and neither controlling nor persuasive as to it. Likewise, in *Dawson* v. *Superior Court* (1910), 158 Cal. 73 [110 P. 479], relied upon in *Reilly* v. *Police Court, supra,* the petition to this court for a writ of prohibition showed on its face that there had been a prior application to and denial of the writ by the District Court of Appeal *on the merits,* and the time within which an application for hearing in this court could be made; had expired. Since the petition showed on its face that the prior adjudication was final and had been rendered *on the merits* of the application, it was an effective bar to the later original application here.

In the fourth case cited by respondents, as listed above, *Gubin* v. *Superior Court* (1930), *supra,* 104 Cal.App. 331, [285 P. 1071], a writ of mandate was denied for the reason that "a proper case was not made out for the use of the writ." Although the ground of the decision was that quoted, the court by way of dictum stated (at p. 333 of 104 Cal.App.): "Our attention is directed to *Reilly* v. *Police Court* [*supra*] . . . in which case it was decided that the denial of a writ of prohibition by the District Court of Appeal without the filing of a written opinion, to prevent an inferior court from proceeding with the trial of an action, is a bar to a subsequent application to the Supreme Court for the same relief upon the same facts. The correctness of this conclusion cannot be doubted." Such dictum was obviously unnecessary to the decision and is disapproved insofar as its implications conflict with the views we here express.

Refreshingly precise is the language used by Judge Roche in *Consolidated Freightways* v. *Railroad Commission* (1941, D.C., Cal.), 36 F.Supp. 269, 270: " . . . the question for decision is as follows: Is an order of the Railroad Commission of the State of California, upheld by the state Supreme Court in its ruling denying a writ of review, a bar to further litigation on the same subject matter in this tribunal?

"The case of *Napa Valley Electric Co.* v. *Railroad Commission of California* . . . raised a similar question. Plaintiff sought an injunction against a rate order of the Railroad Commission of the State of California after the state Supreme Court had denied a petition for a writ of review, without an opinion. In the Napa case . . . the court held that the matter was res judicata and that the bill of complaint must be dismissed." Limited by such exactitude of expression, it is

obvious that the holding does not lend itself to implications contrary to the views we entertain.

Both this court and the District Courts of Appeal have consistently declined to exercise original jurisdiction in the issuance of a preliminary prerogative writ where the circumstances were such that application for the writ could properly have been made to a lower court. Under such circumstances the petition will be denied "without prejudice to the right of petitioners to seek such relief as they may be advised they are entitled to in the proper tribunal" (see *Roma Macaroni Factory* v. *Giambastiani* (1933), *supra,* 219 Cal. 435, 436, 438 [27 P.2d 371]). And this is true even where, as stated in the Roma Macaroni case (at pages 435-436) the petition to this court is for the peremptory writ in the first instance, on notice to the other party, thus not "extending to the [Supreme] court in the first instance an opportunity of declining to assume jurisdiction by the denial of the alternative writ. . . . " We reiterate that "It has never been the policy of this court to encourage the institution of proceedings herein . . . when such proceedings could as well have been instituted in the first instance in the superior court of the county where the controversy arose." (*Brougher* v. *Board of Public Works* (1928), *supra,* 205 Cal. 426, 440-441 [271 P. 487].)

The denial shown by our minute order of July 17, 1941, of petitioner's application for a writ of mandate must be construed to constitute simply a refusal by this court to exercise its original jurisdiction. It does not appear that any sufficient reason was shown for not making the application to the superior court in the first instance. The minute order, under such circumstances, was not intended to be and is not an adjudication upon the merits of the facts presented in the application.

This determination of the effect of our minute order of July 17, 1941, renders it unnecessary to discuss petitioner's third and fourth contentions, set out above.

The judgment is reversed and the cause is remanded to the trial court with directions to proceed with the hearing on the return to the alternative writ.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Traynor, J., concurred.

Edmonds, J., concurred in the judgment.