[Civ. No. 17004.  First Dist., Div. One.  Nov. 22, 1955.]

THE PEOPLE, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Thomas C. Lynch, District Attorney, and Irving F. Reichert, Jr., Deputy District Attorney, for Petitioner.

Mervyn Schneider for Respondent.

PETERS, P. J.—Petition for a writ of mandate.

The petition alleges that Verne Peacock was lawfully arrested and booked on charges of drunkenness and suspicion of assault with a deadly weapon; that the accused was searched at the scene of the arrest and then taken to the police station; that there, pursuant to normal police procedure, the accused was directed to empty his pockets; that among the objects in Peacock's possession was a glass vial containing marijuana; that thereupon, the charge of possession of narcotics was added to those already made; that subsequently, the drunk and assault charges were dropped, and Peacock proceeded to trial on the felony narcotic charge; that the trial judge, on such trial, sustained the objection to the admission into evidence of the marijuana on the ground that such evidence was not admissible under the rule of *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905], because, so the trial court ruled, the search at the police station during which the narcotic was discovered was not incidental to the lawful arrest on the drunk and assault charges. The trial court, however, agreed to the request of the prosecutor to continue the trial until November 28, 1955, so that the present writ of mandate could be filed to test the correctness of the ruling. Thereupon, this petition was filed requesting that the trial court be compelled by mandate to admit the evidence.

■ While a writ of mandate may, in a proper case, be used to correct an abuse of judicial discretion, it cannot be used to control a discretionary act of a superior judge. ■ In particular, the writ may not be used to compel a judge to admit or exclude evidence during a trial, even if such ruling is an erroneous one. ■ It is elementary that a trial judge has the jurisdiction to decide matters before him erroneously as well as correctly. That is one reason why we have appellate courts. ■ A ruling on the admission of evidence, even if wrong, is not an abuse of discretion but simply an erroneous ruling.

■ That mandamus will not issue in such cases is well settled in this state. (*Short* v. *Superior Court,* 94 Cal.App. 664 [271 P. 783]; *Gubin* v. *Superior Court,* 104 Cal.App. 331 [285 P. 1071]; *Lyders* v. *Superior Court,* 129 Cal.App. 635 [19 P.2d 300].) ■ Petitioner, while recognizing the force of these cases, correctly points out that the cited cases were all civil cases, where the point could be reviewed on an appeal, and also correctly points out that the People have no right of appeal if the accused is erroneously dismissed

or acquitted for lack of evidence. ▮ It is urged that, assuming the ruling on the evidence was erroneous,* unless mandamus be granted the People will suffer a wrong without a remedy. That this is so is undoubtedly true. But the argument is one that should be addressed to the Legislature or perhaps to the People via a proposed constitutional amendment, and not to the courts. The lawmakers of this state have determined that, except under very limited circumstances not here involved, the People have no right of appeal in criminal cases. What petitioner is seeking in the present case is to review the propriety of a ruling of the trial court on the admission of evidence. If petitioner is correct that mandamus will issue in a criminal case in such a situation, then every ruling of a trial court adverse to the prosecution in a criminal case may be reviewed by means of a writ of mandamus, thus giving the People, in effect, the very appeal that the lawmakers have denied to them.

The petition for the writ is denied.

Bray, J., and Wood (Fred B.), J., concurred.

---

*Petitioner argues quite forcefully that the search here was one incidental to a lawful arrest and therefore not illegal. (*United States* v. *Rabinowitz*, 339 U.S. 56 [70 S.Ct. 430, 94 L.Ed. 653]; *Harris* v. *United States*, 331 U.S. 145 [67 S.Ct. 1098, 91 L.Ed. 1399]; see discussion 35 Yale Law Journal 612.) We express no opinion on this subject because the point is not before us. In this opinion we have assumed that the ruling on the admission of the marijuana was erroneous. But this assumption is made simply to pass on the question of the propriety of using mandamus to test the ruling. We do not deem it proper to rule on the admissibility question. To do so would be to do indirectly what we have no power to do directly.