[Civ. No. 9924. Third Dist. Oct. 11, 1960.]

THE PEOPLE, Respondent, v. THE JUSTICE COURT OF THE OROVILLE JUDICIAL DISTRICT, BUTTE COUNTY, Defendant; CHARLES LEO LEMAN, Real Party in Interest and Appellant.

Millington & Millington for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Nat Agliano, Deputy Attorneys General, C. Keith Lyde, District Attorney, and Thomas McCampbell, Deputy District Attorney, for Respondent.

SCHOTTKY, J.—Charles Leo Leman, the real party in interest, has appealed from a judgment of the superior court which granted the petition of the People for a peremptory writ of mandate directing the Justice Court of the Oroville Judicial District, in and for the County of Butte, to set aside its ruling suppressing the results of a blood alcohol test of blood taken from Leman and ordering the justice court to admit the results of the test into evidence upon any trial of the issues raised in the complaint charging Leman with driving a vehicle while under the influence of intoxicating liquor.

A complaint was filed in the justice court charging Leman with reckless driving, failing to yield the right of way to an emergency vehicle, and driving while under the influence of intoxicating liquor. Thereafter counsel for Leman made a motion to suppress the results of the test of blood taken from Leman which he asserted was obtained as the result of an illegal search and seizure, and also made a motion "to dismiss the complaint on the ground that the alleged drunken driving complaint is based on evidence illegally obtained; in that the blood alcohol test was taken against the will of the

defendant, under threat of duress and force. . . ." After a hearing the justice court ordered the evidence suppressed, but denied the motion to dismiss the charge of driving a vehicle while under the influence of intoxicating liquor.

Thereafter the People sought a writ of mandate to compel the justice court to admit the result of the blood test into evidence at the trial.

The superior court issued its peremptory writ directing the justice court to set aside its order suppressing the results of the blood test and ordering that the test and its results be admitted into evidence upon any trial of the issues raised in the complaint and this appeal followed.

A pretrial motion to suppress evidence by a party is a proceeding whereby the issue of the legality of evidence may be determined in a proceeding before trial. (Note, 44 Cal.L. Rev. 164.) It is generally held that if an indictment has been returned and a motion to suppress evidence is then filed such a proceeding is not an independent proceeding and an appeal does not lie from an order suppressing or refusing to suppress evidence. (*Cogen* v. *United States,* 278 U.S. 221 [49 S.Ct. 118, 73 L.Ed. 275]; *Carroll* v. *United States,* 354 U.S. 394 [77 S.Ct. 1332, 1 L.Ed.2d 1442]; *Rodgers* v. *United States,* 158 F.Supp. 670.) A defendant in a criminal action can of course renew his objection at the trial and seek review of the order denying a motion to suppress evidence when he appeals from the final judgment. The People may appeal only if a statute gives them the right. The Legislature has strictly limited the right of the People to appeal. (Pen. Code, § 1466.)

Appellant relies strongly on *People* v. *Superior Court,* 137 Cal.App.2d 194 [289 P.2d 813]. In that case the trial court sustained the objection to the admission into evidence of marijuana on the ground that such evidence was not admissible under the rule of *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513], because, so the trial court ruled, the search at the police station during which the narcotic was discovered was not incidental to the lawful arrest on the drunk and assault charges. The trial court, however, agreed to the request of the prosecutor to continue the trial so that a petition for a writ of mandate could be filed in the District Court of Appeal to test the correctness of the ruling and seeking to compel the trial court by mandate to admit the evidence. In denying the writ the court said at page 195:

"While a writ of mandate may, in a proper case, be used to correct an abuse of judicial discretion, it cannot be used to

control a discretionary act of a superior judge. In particular, the writ may not be used to compel a judge to admit or exclude evidence during a trial, even if such ruling is an erroneous one. [██ It is elementary that a trial judge has the jurisdiction to decide matters before him erroneously as well as correctly. That is one reason why we have appellate courts. A ruling on the admission of evidence, even if wrong, is not an abuse of discretion but simply an erroneous ruling.

 ''That mandamus will not issue in such cases is well settled in this state. (*Short* v. *Superior Court,* 94 Cal.App. 664 [271 P. 783] ; *Gubin* v. *Superior Court,* 104 Cal.App. 331 [285 P. 1071] ; *Lyders* v. *Superior Court,* 129 Cal.App. 635 [19 P.2d 300].) ██ ██ Petitioner, while recognizing the force of these cases, correctly points out that the cited cases were all civil cases, where the point could be reviewed on an appeal, and also correctly points out that the People have no right of appeal if the accused is erroneously dismissed or acquitted for lack of evidence. It is urged that, assuming the ruling on the evidence was erroneous, unless mandamus be granted the People will suffer a wrong without a remedy. That this is so is undoubtedly true. But the argument is one that should be addressed to the Legislature or perhaps to the People via a proposed constitutional amendment, and not to the courts. The lawmakers of this state have determined that, except under very limited circumstances not here involved, the People have no right of appeal in criminal cases. What petitioner is seeking in the present case is to review the propriety of a ruling of the trial court on the admission of evidence. If petitioner is correct that mandamus will issue in a criminal case in such a situation, then every ruling of a trial court adverse to the prosecution in a criminal case may be reviewed by means of a writ of mandamus, thus giving the People, in effect, the very appeal that the lawmakers have denied to them.''

 Respondent seeks to distinguish the above-cited case on the ground that in the instant case there was a pretrial motion to suppress while in the cited case the motion to suppress was made during the course of the trial. We do not believe that the fact that there was a pretrial motion in the instant case changes the legal situation because, as hereinbefore pointed out, a pretrial motion to suppress evidence is not an independent proceeding but is considered incidental to the criminal case. (*United States* v. *Rosenwasser,* 145 F.2d

1015 [156 A.L.R. 1200].) If part of the criminal case, the time of the ruling is immaterial. Further, to recognize such a distinction would only penalize those defendants who made a pretrial motion to suppress evidence. We do not believe that such a distinction should be made.

Respondent argues also that we should approve the granting of the writ of mandamus because the justice court in granting the motion to suppress evidence of the blood test has in effect dismissed the action. However, as hereinbefore stated, the court denied the motion to dismiss the drunk-driving charge. If the procedural limitations placed upon the right of the People to seek review of rulings on the admission of evidence are too stringent, the proper place to seek relief is the Legislature.

Respondent argues quite forcefully that the taking of the blood test in the instant case was one incidental to a lawful arrest and was therefore not illegal. We express no opinion on this subject because the point is not before us. We are simply passing on the propriety of using mandamus to test the ruling. We do not deem it proper to pass on the admissibility question. To do so would be doing indirectly what we have no power to do directly.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied November 7, 1960, and respondent's petition for a hearing by the Supreme Court was denied December 7, 1960.