KENNARD, J., Dissenting.
The majority holds that this court need not hear argument or issue a written opinion when it suspends or revokes an attorney’s license to practice law. I disagree.
*461 Under the California Constitution, this court may not render a judgment unless it has given the parties a chance to argue their case to the members of this court. (Cal. Const., art. VI, § 2.) The state Constitution also requires that this court issue a written opinion giving reasons for any decision that determines a “cause[].” (Id., art. VI, § 14.) Unlike the majority, I conclude that because an order of this court suspending or disbarring an attorney is a judgment, and because such an order determines a cause, our Constitution requires that this court hear argument and issue a written opinion before entering an attorney suspension or disbarment order.
The majority’s decision here produces a startling anomaly: Attorneys are the only persons whose state occupational licenses can be revoked or suspended without a judicial hearing. When the right to continue practicing a trade or profession is at stake, only attorneys are denied their day in court. I would avoid this anomaly by recognizing that the state Constitution’s guarantees of oral argument and a written opinion apply in attorney suspension and disbarment proceedings.
I. Oral Argument
The California Constitution provides that in the California Supreme Court “[c]oncurrence of 4 judges present at the argument is necessary for a judgment” (Cal. Const., art. VI, § 2, italics added), and that in a Court of Appeal “[c]oncurrence of 2 judges present at the argument is necessary for a judgment” (id., art. VI, § 3, italics added). As I explained in a case this court decided last year, the latter provision confers a right to oral argument, which a litigant may waive, before a Court of Appeal renders a judgment. (Lewis v. Superior Court (1999) 19 Cal.4th 1232, 1270-1271 [82 Cal.Rptr.2d 85, 970 P.2d 872] (dis. opn. of Kennard, J.).)[1] Because these two provisions, one applying to this court and the other to the Courts of Appeal, are part of the same article of the Constitution, were adopted at the same time, are closely related in subject matter, and are worded identically (except for the number of judges required), they should be construed alike. (See Department of Revenue of Ore. v. ACF Industries, Inc. (1994) 510 U.S. 332, 342 [114 S.Ct. 843, 849, 127 L.Ed.2d 165]; American Airlines, Inc. v. County of San Mateo *462 (1996) 12 Cal.4th 1110, 1129 [51 Cal.Rptr.2d 251, 912 P.2d 1198].) Accordingly, I conclude that the state Constitution gives litigants a right to oral argument in the California Supreme Court before this court renders a judgment.
“A judgment is the final determination of the rights of the parties in an action or proceeding.” (Code Civ. Proc., § 577.) As the majority concedes, “this court has exclusive original jurisdiction to discipline attorneys,” and an attorney suspension and disbarment order “amounts to an exercise of our jurisdiction and a judicial determination on the merits.” (Maj. opn., ante, at p. 446.) Thus, an attorney discipline proceeding is a judicial proceeding, and an order of- this court suspending or revoking an attorney’s license to practice is a judgment because it is the final determination of the attorney’s rights in that proceeding.
To summarize: The state Constitution grants litigants a right to oral argument before this court renders a judgment, and an attorney suspension or disbarment order is a judgment rendered by this court; therefore, an attorney has a right under the state Constitution to oral argument before this court suspends or disbars the attorney.
II. Written Opinion
The California Constitution provides that “[decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated.” (Cal. Const., art. VI, § 14.) Is an attorney discipline proceeding a “cause[]” that is “determine[d]” by an order of suspension or disbarment? If it is, then a decision of this court to grant such an order must be explained in a written opinion.
The majority acknowledges that “cause” means “ “a proceeding in court, a suit, or action,” ’ ” but it denies that an attorney discipline proceeding resulting in suspension or disbarment falls within this definition because, the majority insists, these proceedings are sui generis. (Maj. opn., ante, at pp. 452-453.) I disagree. An attorney suspension or disbarment proceeding is a “proceeding in court” because, as the majority explains, it is a proceeding in which this court exercises original jurisdiction (id. at p. 442) and “renders decisions or orders imposing discipline” (ibid.).
Deciding that an attorney discipline proceeding falls within the general definition of a cause does not end the inquiry. In interpreting the state Constitution’s written opinion provision, this court has held that certain rulings of appellate courts in judicial proceedings do not “determine causes” *463 within the meaning of that provision. (Cal. Const., art. VI, § 14.) Thus, a written opinion is not required before an appellate court grants or denies a petition for rehearing (Metropolitan Water Dist. v. Adams (1942) 19 Cal.2d 463, 468 [122 P.2d 257]), dismisses an appeal (People v. Brown (1957) 149 Cal.App.2d 175, 176 [307 P.2d 949]), grants or denies an alternative writ (Funeral Dir. Assn. v. Bd. of Funeral Dirs. (1943) 22 Cal.2d 104, 106-107 [136 P.2d 785]), or denies a petition for review (Tex-Cal Land Management, Inc. v. Agricultural Labor Relations Bd. (1979) 24 Cal.3d 335, 350-351 [156 Cal.Rptr. 1, 595 P.2d 579]). But the majority does not explain what logic or principle, other than mere custom or convenience, serves to explain when a ruling in a judicial proceeding will or will not trigger our Constitution’s written opinion requirement.
Our decisions in this area indicate that a ruling in a judicial proceeding determines a cause for purposes of the written opinion requirement if it is a final rather than an interim ruling and if it produces an enforceable determination of the parties’ rights.
Interim rulings do not trigger the written opinion requirement. An appellate court need not issue a written opinion when granting a writ of review, an alternative writ, an order to show cause, or a petition for rehearing, because none of these rulings terminate the proceeding or determine the parties’ rights. Rather, in the ordinary course of events, each of these rulings is an intermediate step to be followed by oral argument and a final decision on the merits. It is only at the final stage, when the court enters an order or judgment that determines the parties’ rights, that a written opinion is required.
There is another group of rulings that have the effect of terminating a judicial proceeding in an appellate court but nonetheless do not trigger the written opinion requirement. In this category are rulings denying rehearing, dismissing an appeal, or declining to issue a writ of review, alternative writ, or order to show cause. In each instance, the ruling indicates a decision by the appellate court not to intervene and not to disturb an existing order or judgment that is itself enforceable. Thus, when an appellate court denies rehearing following a decision on appeal, the court has decided not to disturb its own previous decision, which it has already explained in a written opinion. In the other instances, such as an order of this court denying review of a Court of Appeal’s decision on appeal, the order is not itself enforceable as a judgment; it merely permits enforcement of an order or judgment of another court or administrative agency. This is so even when the appellate court’s ruling declining review necessarily reflects a decision on the merits. (See Tex-Cal Land Management, Inc. v. Agricultural Labor Relations Bd., supra, 24 Cal.3d 335, 350-352.)
*464 Although the majority insists there is “no legal basis” (maj. opn., ante, at p. 454, fn. 11) for distinguishing this court’s orders in attorney suspension and disbarment matters from this court’s orders summarily denying original writ petitions or denying review of decisions rendered by the Courts of Appeal or by state administrative agencies such as the Public Utilities Commission, there is a fundamental difference. As the majority stresses, “only this court renders decisions or orders imposing [attorney] discipline” (maj. opn., ante, at p. 442) and “we exercise original jurisdiction over disciplinary proceedings . . .” (ibid.). This court, acting through the State Bar, assumes the duty of enforcing our attorney discipline orders. When this court undertakes to exercise original jurisdiction in a proceeding, and in so doing makes a final judicial determination of the parties’ rights in that proceeding, embodied in an enforceable order, we have necessarily made a decision that determines a cause within the meaning of the state Constitution’s written opinion requirement.
In this respect, this court’s decisions in attorney suspension and disbarment matters are similar to, and in my view functionally indistinguishable from, decisions granting a peremptory writ of mandate in the first instance. In mandate proceedings, a court’s decision not to grant an alternative writ or an order to show cause does not excuse the court from its obligation to explain its reasons in writing when it grants a peremptory writ that is an enforceable judgment determining the parties’ rights. (See Palma v. U.S. Industrial Fasteners, Inc. (1984) 36 Cal.3d 171, 178, fn. 6 [203 Cal.Rptr. 626, 681 P.2d 893].) So also with this court’s attorney suspension and disbarment orders.
The majority cannot have it both ways. The majority insists that this court has not improperly delegated attorney discipline to the State Bar Court, and that this court’s suspension and disbarment orders are the product of this court’s exercise of its own original jurisdiction and this court’s own judicial determination of the merits of the disciplinary proceeding. Yet the majority denies that in so determining the merits of a disciplinary proceeding this court renders a decision that determines a cause within the meaning of the state Constitution’s written-opinion requirement. These positions seem utterly irreconcilable. The majority is correct in concluding that attorney suspension and disbarment orders result from this court’s judicial determination of the merits of attorney discipline proceedings. But, unlike the majority, I would accept what follows logically and unavoidably from this conclusion: Decisions in attorney suspension and disbarment matters determine causes and therefore must be in writing with reasons stated.
*465 III. Conclusion
The state government grants individuals licenses to practice a variety of trades and professions, including those of attorney, doctor, dentist, veterinarian, real estate broker, contractor, motor vehicle dealer, and cosmetologist. In general, proceedings to suspend or revoke these occupational licenses occur before administrative tribunals and result in administrative orders that the licensee may challenge by a proceeding in superior court for administrative mandate. (Code Civ. Proc., § 1094.5.) In that superior court mandate proceeding, the licensee has the right to a hearing and, upon request, to a written decision. (Id., §§ 632, 1094.5.)
But attorneys do not have recourse to administrative mandate proceedings because their licenses are suspended or revoked not by an administrative determination, but by this court’s orders. As a consequence, under the majority’s decision today, only attorneys can have their licenses suspended or revoked without a judicial hearing and a written judicial decision. This disparate treatment of attorneys raises serious due process and equal protection questions. I do not address these issues, however, because I conclude that the state Constitution’s oral argument and written-opinion provisions apply to attorney suspension and disbarment proceedings.
The majority asserts that this court can no longer spare the time and resources required to hold oral argument and write an opinion in every attorney suspension and disbarment proceeding. (Maj. opn., ante, at pp. 457-458.) Even if the majority is correct, as it may be, the proper solution is not an expedient but unreasonable construction of the state Constitution to deny attorneys the privileges granted to holders of all other occupational licenses. The Legislature has already given this court a better solution. In 1988, the Legislature amended Business and Professions Code section 6082 to permit review of an attorney discipline recommendation “by the California Supreme Court or by a California Court of Appeal in accordance with the procedure prescribed by the California Supreme Court.” (Italics added.) Under the statute as amended, this court need only establish a suitable procedure, and the burden of giving disciplined attorneys their day in court can be broadly distributed among the Courts of Appeal. At current levels— attorneys sought review in roughly 40 suspension and disbarment matters in 1990 (see maj. opn., ante, at p. 457)—these attorney discipline cases would not substantially add to the workload of the nearly 90 justices of the Courts of Appeal. Should the volume of attorney discipline cases at any point begin to strain the capacity of the Courts of Appeal, the number of Court of Appeal justices could be increased.
In this matter, I would issue a writ of review, hear argument, and render a written opinion.

 In Lewis v. Superior Court, supra, 19 Cal.4th 1232, a majority of this court, while acknowledging that “[t]he right to oral argument on appeal is well established in this state” (id. at p. 1253), concluded that the state Constitution does not grant litigants a right to oral argument when a Court of Appeal grants a peremptory writ of mandate in the first instance (at pp. 1260-1261). Because in Lewis this court construed a different constitutional provision in the context of a mandate proceeding, not an attorney discipline proceeding, and because a judge is not bound to accept previous constitutional interpretations of the judge’s own court (see Brennan, In Defense of Dissents (1986) 37 Hastings L.J. 427, 436-437), I continue to adhere to my dissenting views in Lewis.