[S. F. No. 14874.   In Bank.—November 28, 1933.]

ROMA MACARONI FACTORY (a Corporation) et al., Petitioners, v. E. GIAMBASTIANI et al., Respondents.

Daniel A. Ryan, Thomas C. Ryan, George F. Snyder and Aaron Cohen for Petitioners.

Edgar C. Levy for Respondents.

THOMPSON, J.—In this matter the petitioners filed in this court a verified petition, asking that a peremptory writ of mandate issue to respondents directing and compelling them to deliver to petitioners the books and records of the Roma Macaroni Factory, a corporation.   No alternative writ was sought, but without extending to the court in the first

instance an opportunity of declining to assume jurisdiction by the denial of the alternative writ, petitioners brought the matter on for hearing by a notice of motion to the respondents. We quote from the petition as follows: "This application is made to this court in the first instance because the corporation laws of this state contemplate that a new board of directors shall be elected annually and enter upon their duties immediately after their election. Only by a judgment of this court can the petitioners enter upon such duties within the time for which they have been elected." The foregoing is the only reason assigned for making the application here. It appears, however, that there is and was pending at the time, an action in the Superior Court in and for the City and County of San Francisco, and numbered therein 241972, wherein the petitioners here are plaintiffs and the respondents here are defendants, and wherein the plaintiffs allege that they are in possession of the books and records of the corporate plaintiff and ask that the defendants be restrained from interfering with the possession thereof. It also appears that a temporary restraining order restraining defendants from interfering with the possession of plaintiffs was issued by the superior court on March 10, 1933, which was just fourteen days before the petition was filed here. From an inspection of the pleadings in that case it is plain that it was brought to determine the validity of the same election as is involved in this proceeding.

Rule XXVI of this court reads in part as follows: "Section 1. When an application is made to the Supreme Court or a District Court of Appeal, for a writ of *mandamus, certiorari, prohibition, procedendo,* or for any prerogative writ to be issued in the exercise of its original jurisdiction, and such application might have been lawfully made to a lower court in the first instance, the affidavit, or petition, in addition to the necessary matter requisite by the rules of law to support the application, shall also set forth the circumstances which, in the opinion of the applicant, render it proper that the writ should issue originally from the appellate court to which such application is made, and not from the lower court."

It is apparent from the nature of the jurisdiction of the respective tribunals, as indicated by the foregoing

rule, that ordinarily applications for the writs there mentioned should first be made to the superior court, unless, of course, they are to be directed to the court itself. As an exception to the general rule, it has been the practice for the District Courts of Appeal and this court to exercise jurisdiction where some emergency exists or the public welfare is involved. ▮ We do not think that this is such a case. The superior courts have full authority in the premises, and are in a much better position to determine questions of fact than are the appellate tribunals. Being able to readily determine the facts they are enabled to act expeditiously without impairing the rights of other litigants. It was very properly said in *Imperial Land Co.* v. *Imperial Irr. Dist.,* 166 Cal. 491 [137 Pac. 234]: "The cases decided by this court because no other court has jurisdiction are so numerous that we are unable to take up original proceedings of which there is concurrent jurisdiction, where it is possible to present them to some other competent court." And in *Brougher* v. *Board of Public Works,* 205 Cal. 426–440 [271 Pac. 487], the petition was dismissed after the respondents were required to show cause why the alternative writ should not issue, it being there said: "It has never been the policy of this court to encourage the institution of proceedings herein, particularly where there is a dispute as to facts involved, when such proceedings could as well have been instituted in the first instance in the superior court of the county where the controversy arose." And again in *Brougher* v. *Board of Public Works,* 107 Cal. App. 15–20 [290 Pac. 140], in a case in which we denied a rehearing, the rule was reaffirmed in pertinent language as follows: "The Constitution (Art. VI, sec. 5) likewise gives to the superior court jurisdiction to grant writs of *mandamus,* and since those courts are constituted especially for the purpose of the ascertainment of facts and the trial of cases upon facts, it is quite proper for the Supreme Court to adopt a rule governing the discretionary action of the court in passing upon an application for a prerogative writ, that such applications will not be entertained where there is no sufficient reason shown why the application was not made in the superior court." Authority for the proposition that the matters to be litigated should be of a public nature before

an exception should be made is *Clark* v. *Shepherd,* 40 Cal. App. 677 [189 Pac. 725].

The motion for a peremptory writ of *mandamus* is denied, which order is without prejudice to the right of petitioners to seek such relief as they may be advised they are entitled to in the proper tribunal.

Preston, J., Waste, C. J., Shenk, J., and Seawell, J., concurred.

CURTIS, J., Dissenting.—I dissent.

The present action is an aftermath of the action of *Vannucci* v. *Pedrini,* 217 Cal. 138 [17 Pac. (2d) 706]. That action involved the right to some 71 shares of stock of the Roma Macaroni Factory, a corporation organized and doing business in San Francisco. Plaintiffs in that action claimed that under an agreement entered into by all the stockholders of said company they had the prior right over the defendants to purchase said 71 shares of stock. The trial court sustained a general demurrer to plaintiffs' complaint in that action. The plaintiffs appealed, and we reversed the case, and held that said complaint stated a good cause of action. On the going down of the *remittitur* in that case, the superior court issued an injunction against the defendants restraining them from voting said 71 shares of stock until the final determination of that case. Pending this injunction, the annual meeting of the Roma Macaroni Factory was held. The 71 shares of stock were not voted at this meeting for the election of directors. The defendants in said former action withdrew from the meeting, leaving the plaintiff stockholders as the sole stockholders present at said meeting. The plaintiff stockholders, exclusive of the 71 shares, owned 194 shares of said stock and a majority of the shares entitled to vote at said meeting. They proceeded with the election of a board of directors, which board thereafter organized and made demand upon the defendants in this action, who were the former president and secretary of the company, for the possession of the office, the factory, and the books and records of the company. The defendants refused said demand, and this proceeding was brought to compel them to deliver to the plaintiffs said property.

This proceeding is precisely like that involved in the case of *Consumers Salt Co.* v. *Riggins,* 208 Cal. 537 [282 Pac. 954], which was instituted originally in the District Court of Appeals and transferred to this court. Upon a hearing here, we held that the plaintiffs in said action were entitled to a writ of *mandamus,* directed to the defendant therein, the former secretary of the Consumers Salt Company, requiring him to turn over to the plaintiffs the office and the property then in his possession. The object of the two proceedings are precisely alike in principle, and I see no reason why we should grant relief in one and deny it in the other.

Rehearing denied.

Curtis, J., dissented.