333 P.2d 293

Lambert KAUTENBURGER, Thomas S. Jay, and Dennis B. Weaver, members of and constituting the Board of Supervisors of Pima County, Arizona, Appellants,

v.

L. Tipton JACKSON, on behalf of himself and all other electors of the State of Arizona residing in Pima County, Arizona, and all other persons similarly situated, Appellee,

and

James T. O'Neil, James Hart and James Lindsay, members of and constituting the Board of Supervisors of Maricopa County, Arizona, and Dick Searles, amici curiae.

No. 6708.

Supreme Court of Arizona.

Dec. 17, 1958.

Raul H. Castro, Pima County Atty., Tucson, for appellants.

Scruggs & Rucker, Tucson, for appellee.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for amici curiae, the Bd. of Supervisors of Maricopa County.

Botsford, Turner, Roe & Brown, Scottsdale, for amicus curiae, Dick Searles.

WINDES, Justice.

The instant action involves the constitutionality of sections 16–533 and 16–796, A.R.S. Section 16–533 provides for alternating the names of primary candidates upon the ballots so that each candidate shall appear substantially an equal number of times at the top, bottom and intermediate places on the list of candidates in which he belongs. Subsection C provides "the provisions of this section shall not apply where voting machines are used." Section 16–796 provides:

> "In a primary election where voting machines are used the names of candidates for any particular office shall appear on the voting machine in alphabetical order according to the first letter of the surnames of the candidates."

Appellee L. Tipton Jackson was a primary candidate for justice of the peace in Pima County and filed complaint against the board of supervisors seeking to enjoin the board from the use of voting machines

130

unless provision was made for rotation of names of candidates in substantial compliance with the provisions of section 16–533, supra. After trial, the trial judge, the Honorable Robert S. Tullar, rendered judgment declaring said section 16–796 unconstitutional and directing the names of candidates be rotated on the voting machines in the most practicable and fair way possible. The defendant board appealed. Due to the necessity for an immediate decision, we by minute order affirmed and announced the reasons for our decision would be subsequently expressed.

It will be observed that if the two sections heretofore mentioned are used, candidates' names are alphabetically rotated on paper ballots with no rotation on the voting machines. Appellee Jackson says this situation places him at such a disadvantage as to offend Article 2, section 13, of the Arizona Constitution, A.R.S. which reads:

"No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

By reason of appellee's surname, if the alphabetical arrangement prescribed by the statute be applied, his name would never appear first on the machine ballot. If this places him at a disadvantage with the voting public to the extent that it probably would decrease the number of votes which would otherwise be cast for him, unquestionably it would amount to discrimination and create privileges for other candidates which he was denied.

Appellant contends that the method by which names of candidates are placed upon the ballot is a matter of legislative and not judicial concern and the court should not interfere. Conceding it is a legislative matter, the court is concerned and will interfere in the event the method prescribed by the legislature unconstitutionally discriminates in favor of one candidate against another. Appellant also says that appellee has not shown a property right entitled to constitutional protection. We cannot agree. The right to become a candidate for public office cannot be unequally curtailed by the legislature. Fisher v. Taylor, 210 Ark. 380, 196 S.W.2d 217, 220. Therein that court said:

"The right to become a candidate for public office is, under our form of government, a fundamental right which would not be in any manner curtailed without good cause; and any law or party rule, by which this inherent right of the citizen is diminished or impaired, ought always to receive a liberal construction in favor of the citizen desiring to exercise the right."

It has been recognized, we think correctly, that it is a commonly known and

accepted fact that where there are a number of candidates for the same office, the names appearing at the head of the list have a distinct advantage. Elliott v. Secretary of State, 295 Mich. 245, 294 N.W. 171, 173. That court said:

"It is a commonly known and accepted fact that in an election, either primary or general, where a number of candidates or nominees for the same office are before the electorate, those whose names appear at the head of the list have a distinct advantage."

We do not intend to necessarily approve this case in its entirety but we do approve the foregoing statement. The legislature has recognized this well-known fact by the enactment of section 16–533, supra, requiring alternation on paper ballots. No other reason exists for the statute except that otherwise there would result disadvantage to some candidates. The trial court did not rely entirely upon judicial notice in determining the question of discrimination but accepted evidence pro and con upon the question and was fully justified in its conclusion that the failure to alternate names on the machine ballots would deprive appellee of a fundamental right which is entitled to protection under the provisions of Article 2, section 13, Arizona Constitution.

For the reasons herein stated we affirmed the judgment of the lower court.

UDALL, C. J., and STRUCKMEYER and JOHNSON, JJ., and J. SMITH GIBBONS, Superior Court Judge, concur.

PHELPS, J., being unable to hear this matter, the Honorable J. SMITH GIBBONS, Judge of Superior Court, Apache County, was called to sit in his stead.