419 P.2d 382

**Roy R. CARSON, Appellant,**
**L. Alton Riggs, Barney W. Burns and William Andrews, and John Burke,**

v.

**William H. GOODING, Appellee.**

**No. I CA–CIV 499.**

Court of Appeals of Arizona.

Oct. 24, 1966.

———◆———

Johnson & Shaw, by J. P. Shaw, Phoenix, Felix Gordon, Scottsdale, for appellant Roy R. Carson.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank and Joseph E. McGarry, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from a judgment of the lower court ordering that the name of Roy R. Carson, a candidate for Judge of the Superior Court of Maricopa County, Division 20, be placed on the right-hand side of the ballot in a column at the right of the party columns, but parallel to the other judicial candidates bearing the heading in bold-faced type "Other Candidates".

We are called upon to determine whether the name of a judicial candidate who has qualified for a position upon the general election ballot pursuant to 16–601 A.R.S., must be placed on that ballot pursuant to Section 16–844, subsec. E, A.R.S., or 16–844, subsec. B, A.R.S.

The necessary facts for a determination of this matter on appeal are as follows: Appellant, Roy R. Carson, did not circulate nominating petitions to have his name placed on the primary election ballot and was not nominated by "write-in" for the

office of Judge of the Superior Court in the said primary election. After the primary election, pursuant to 16–601 A.R.S., he obtained the required number of signatures to qualify him as a candidate for Judge of the Superior Court of Maricopa County, Division 20. There is no question raised before this Court that the appellant is other than a legally qualified candidate for Judge of the Superior Court pursuant to this section.

Thereafter, appellee, the Honorable William H. Gooding, Judge of the Superior Court of Maricopa County, Division 20, and candidate for that office in the general election by reason of nomination in the primary election, petitioned for a writ of mandamus to compel the respondent Maricopa County Board of Supervisors and John Burke, Maricopa County Election Director, to place the name of the appellant, Roy R. Carson, upon the general election ballot pursuant to Section 16–844, subsec. E, A.R.S. and not under 16–844, subsec. B, A.R.S.

On 5 October, 1966, the Judge of the court below signed an order which reads in part as follows:

"Now therefore it is ordered, adjudged and decreed that the Respondents L. Alton Riggs, Barney W. Burns, William Andrews and John Burke are herewith directed and mandated to place the name of Roy R. Carson on the ballot at the forthcoming general election in accordance with the provisions of A.R.S. Sec. 16–844 E, and specifically that the name of Mr. Carson shall be placed on the right-hand side of the ballot in a column at the right of the party columns, parallel to the other judicial condidates, bearing the heading in bold-face type, 'Other Candidates' and immediately under such heading, the words, 'Vote separately for each office'; and Mr. Carson's name shall be placed in this column without partisan or other designation except the title of the office to which he aspires. Done in open court this 5th day of October, 1966."

Appellant immediately appealed and we granted a motion for accelerated hearing of the appeal because of the importance of

the question, and because the matter would be moot once the general election was held or the time for the starting of absentee balloting had passed. Rapier v. Superior Court, 97 Ariz. 153, 398 P.2d 112 (1964); Board of Supervisors of Maricopa County v. Superior Court, 4 Ariz.App. 110, 417 P.2d 744 (1966).

Article 6, Section 12 of the Constitution of the State of Arizona, A.R.S., reads in part as follows:

"The names of all candidates for judge of the superior court shall be placed on the regular ballot without partisan or other designation except the division and title of the office."

Section 16–844 A.R.S. reads in part as follows:

"B. Immediately below the ballot heading shall be placed the names of candidates for judge of the supreme court, court of appeals and superior courts, and the state tax commission, placed in alphabetical order in a single column in the center of the ballot, without partisan or other designation except the title of the office.

\*　　\*　　\*　　\*　　\*　　\*

"E. The list of the candidates of the several parties shall be arranged with the names of the parties in alphabetical order, commencing with the left-hand column, and on the right-hand side of the ballot there shall be a column headed non-partisan. The names of all candidates nominated under the provisions of § 16–601 shall be placed in a single column at the right of the party columns and shall bear the heading in bold-faced type: 'Other candidates', and immediately under such heading the words: 'Vote separately for each office.' Immediately above the name of each candidate, in parentheses, shall be printed the designation prescribed on the candidate's certificate of nomination."

By general rule, the statute will be construed as a whole, State ex rel. Church v. Arizona Corporation Commission, 94 Ariz.

107, 382 P.2d 222 (1963), to the end of giving a fair and sensible meaning to the statute. State ex rel. Morrison v. Jay Six Cattle Company, 85 Ariz. 220, 335 P.2d 799 (1959). Also, that special provision of the statutes which deals with the same subject matter as the general statute will prevail over the general. Knape v. Brown, 86 Ariz. 158, 342 P.2d 195 (1959); Enloe v. Baker, 94 Ariz. 295, 383 P.2d 748 (1963).

It is contended by the appellee that 16–601 A.R.S. is the specific statute providing a specified method by which a candidate may be qualified for general election and that Section 16–844, subsec. E, A.R.S., applies to all 16–601 A.R.S. candidates including judicial candidates. Appellee therefore contends that appellant's name may not be placed with the other judicial candidates on the general election ballot, but must be placed to the right and above the party columns under the designation "Other Candidates". With this position we cannot agree.

■ We feel that Section 16–844, subsec. B provides the specific manner in which candidates for Judge of the Superior Court are to be placed upon the general election ballot. This section when read together with the Arizona Constitution, op. cit., makes it clear that "all" candidates for Judge of the Superior Court are to be placed in a single line at the top of the election ballot "without partisan or *other* designation" (emphasis ours). Once the appellant has become a qualified candidate for Judge of the Superior Court in the general election, he is entitled to the same treatment as every other candidate for the same office. To set his name to the right and to the side of all other judicial candidates, would, we believe, not only treat him differently but tend to astigmatize his name on the ballot, and indicate to the voter that he is not a "regular" judicial candidate, but an "Other Candidate" for the office. Our Supreme Court has stated:

"By reason of appellee's surname, if the alphabetical arrangement prescribed by the statute be applied, his name would never appear first on the machine ballot. If this places him at a disadvantage with the voting public to the extent that it probably would decrease the number of votes which would otherwise be cast for him, unquestionably would amount to discrimination and create privileges for other candidates which he was denied.

"Appellant contends that the method by which names of candidates are placed upon the ballot is a matter of legislative and not judicial concern and the court should not interfere. Conceding it is a legislative matter, the court is concerned and will interfere in the event that the method prescribed by the legislature unconstitutionally discriminates in favor of one candidate against another. * * * "It has been recognized, we think correctly, that it is a commonly known and accepted fact that where there are a number of candidates for the same office, the names appearing at the head of the list have a distinct advantage." Kautenburger v. Jackson, 85 Ariz. 128, 130, 131, 333 P.2d 293, 294, 295 (1958).

Were it necessary to interpret the Arizona statute (16–844) to require that appellant's name be set off to the side in a separate category, apart and isolated from all other candidates for judicial office, we would be compelled by Kautenburger v. Jackson, supra, to declare the statute unconstitutional. We are not, however, required to do this. Construing the statute in a manner to uphold its constitutionality, when a candidate has qualified under the provisions of 16–601 A.R.S. to have his name on the general election ballot, we are able to apply 16–844, subsec. B to judicial candidates and 16–844, subsec. E to non-judicial candidates and at the same time give effect to what we feel to have been the intent of the legislature in enacting 16–844, subsecs. B and E, A.R.S.

■ We therefore hold that once a candidate for a judicial office has been qualified to have his name placed upon the general election ballot, that his name shall be placed on the ballot in the same manner provided for all other judicial candidates,

and that his name can bear no distinctive mark or separation, or other position on the ballot except the designation, marks, and position on the ballot provided for all other candidates for the same judicial office.

The judgment of the lower court is reversed.

DONOFRIO, J., and PORTER MURRY, Judge of the Superior Court, concur.

NOTE: Chief Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge PORTER MURRY was called to sit in his stead and participate in the determination of this decision.