[Sac. No. 7951. In Bank. Jan. 26, 1973.]

MEXICAN-AMERICAN POLITICAL ASSOCIATION et al.,
Petitioners, v.
EDMUND G. BROWN, JR., as Secretary of State, etc., et al, Respondents;
THE PEOPLE et al., Real Parties in Interest.

COUNSEL

Sidney M. Wolinsky, Jo Ann Chandler, Betty J. Browner and Frederick R. Remer for Petitioners.

A. L. Wirin, Fred Okrand and Laurence R. Sperber as Amici Curiae on behalf of Petitioners.

Evelle J. Younger, Attorney General, Iver E. Skjeie, Assistant Attorney General, Henry G. Ullerich, Deputy Attorney General, Edward A. Goggin, City Attorney, Clifford Dang, Assistant City Attorney, and David A. Self, Deputy City Attorney, for Respondents.

John D. Maharg, County Counsel (Los Angeles), Edward H. Gaylord, Chief Deputy County Counsel, and Joe Ben Hudgens, Deputy County Counsel, as Amici Curiae on behalf of Respondents.

No appearance for Real Parties in Interest.

OPINION

**THE COURT.**—In this proceeding we issued an alternative writ of mandate on the basis of allegations that placing the name of an incumbent first on the ballot results in an unconstitutional preference in an election because a substantial number of electors vote for the first person listed on the ballot merely because his name is listed first. In their returns respondents have denied that any such preference based on ballot position exists.

The existence of the alleged preference is not a fact which is either of such common knowledge or which is subject to such accurate determination by resort to sources of reasonably indisputable accuracy that it is not reasonably subject to dispute. Accordingly it is not a fact properly the subject of judicial notice. (Evid. Code, § 452, subds. (g) and (h).)

It therefore appears that we are confronted with a disputed question of fact the resolution of which may more appropriately be undertaken in the superior court. (*Roma Macaroni Factory* v. *Giambastiani*, 219 Cal. 435, 437 [27 P.2d 371].)

For the foregoing reasons the alternative writ of mandate heretofore issued is discharged and the petition for writ of mandate is denied without prejudice to any subsequent proceedings which may be initiated in the superior court.

**TOBRINER, J.**—I dissent.

The majority dismiss the instant case at this stage of the proceedings only by blinding themselves to the obvious, universally recognized truth that a candidate is advantaged by having his name placed first on the ballot. The numerous courts of our sister states which have addressed similar claims have regularly acknowledged that "[i]t is a commonly known and accepted fact that in an election, either primary or general, where a number of candidates or nominees for the same office are before the electorate, those whose names appear at the head of the list have a distinct advantage." (*Elliott* v. *Secretary of State* (1940) 295 Mich. 245, 249 [294 N.W. 171, 173]; see *Kautenburger* v. *Jackson* (1958) 85 Ariz. 128, 130-131 [333 P.2d 293, 295]; *Holtzman* v. *Power* (1970) 62 Misc.2d 1020, 1023 [313 N.Y.S.2d 904, 907].) Virtually all of the published empirical data available directly supports this common sense proposition. (See, e.g., Bain & Hecock, Ballot Position and Voter's Choice (1957); J. Mueller, Reason and Caprice: Ballot Patterns in California (1965); Scott, *California Ballot Position Statutes: An Unconstitutional Advantage to Incumbents* (1972) 45 So.Cal.L.Rev. 365; Masterman, *The Effect of the "Donkey Vote" on the House of Representatives* (1964) 10 Austl.J. Pol. & Hist. 221.) Under these circumstances, I believe this court, pursuant to Evidence Code, section 452, subdivisions (g) and (h), should take judicial notice of the advantage accruing to a candidate placed first on the ballot. Consequently, I would retain the case and decide the important constitutional question it presents.

Nearly one hundred years ago, Justice Stephen Field observed: "When we take our seats on the bench we are not struck with blindness, and forbidden to know as judges what we see as men." (*Ho Ah Kow* v. *Nunan* (D.Cal. 1879) 12 Fed. Cas. 252, 255 [5 Sawy. 552].) With all due respect, I believe the majority, by their instant action, ignores this sage advice.