[No. G032619. Fourth Dist., Div. Three. June 30, 2004.]

ORANGE COUNTY EMPLOYEES ASSOCIATION, INC., Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY et al., Respondents.

COUNSEL

Richard S. Rockwell, Richard S. Rockwell, Halina F. Osinski and Donald L. Drozd for Petitioner.

Benjamin P. de Mayo, County Counsel, and Leon J. Page, Deputy County Counsel, for Respondents County of Orange and David E. Sundstrom.

Morrison & Foerster and Robert A. Naeve for Respondents Superior Court of California, County of Orange and Denise Leat.

## OPINION

**SILLS, P. J.**—The Orange County Employees Association (OCEA) represents over 1,300 employees of the Orange County Superior Court (the Court). By this petition for writ of mandate, filed directly in this court, the OCEA seeks to compel the Court and the County of Orange (the County) to disclose records relating to reimbursement of travel expenses for judges and management employees of the Court pursuant to the California Public Records Act (Gov. Code, § 6250 et seq.) (CPRA) and rule 6.702 of the California Rules of Court.[1] The Court moved to dismiss the petition and for an award of sanctions, claiming the petition was frivolous.

We find the CPRA does not apply to the requested disclosure. Furthermore, the Legislature has expressed its intent that a petition for relief from an alleged violation of rule 6.702 should be heard first in the superior court. (§ 71675.) Therefore, we dismiss the petition, but we deny the request for sanctions.

### FACTS

In 2001, OCEA negotiated memoranda of understanding (MOU's) regarding wages, hours and working conditions on behalf of three bargaining units of its members. The MOU's provide for a 4 percent general salary increase effective June 27, 2003, subject to a letter agreement between OCEA and the Court allowing the Court to reopen negotiations if the state failed to fully fund the salary increases. In April 2003, the Court notified OCEA that it wished to reopen negotiations because the proposed state budget for 2003–2004 did not fund any salary or benefit increases. During negotiations, the Court proposed a delay in the salary increase until at least October 2003;

---

[1] All statutory references are to the Government Code unless otherwise indicated, and all rule references are to the California Rules of Court.

OCEA opposed the proposal. The parties were unable to resolve their differences, and in June 2003 the Court unilaterally deferred the salary increase "until the Court's budget for 03/04 is approved . . . ." The Court offered to resume negotiations when the budget was adopted and to pay any salary increase for which it received funding.

On June 24, 2003, OCEA sent a letter to Denise Leat, the Court's executive director of human resources, requesting "access to records in the possession of the Orange County Superior Court for the purpose of inspection and copying, pursuant to the California Public Records Act, Government Code Section 6250 et seq." The letter asked for: "1. All itemized expense reports and reimbursement requests; [¶] 2. All records of conferences and training attended, conference and training locations, and all related fees; [¶] 3. All records of travel expenses including, but not limited to, records of lodging, meals and incidentals, and credit card receipts for any such expenses; [¶] 4. All records of personal expenses incurred related to Court business other than those provided under requests number 1 through 3 above" relating to judicial, administrative and management employees for the period from July 1, 2002 to the date of the request. Leat responded on July 8 that the Court would "gladly provide you with the information set forth in Rule 6.702 of the California Rules of Court. The year-end report of expenditures and revenues should be available for distribution in September and it will reflect all of the court's travel and training expenditures for judges and staff."

OCEA accepted the Court's characterization of the request as being under rule 6.702 rather than CPRA; however, it felt that a general summary of the requested information was not sufficient compliance with rule 6.702 and made a further demand for production on July 15. At the same time, OCEA sent a written request for the same records to David Sundstrom, the auditor-controller of the County, under the CPRA. Sundstrom replied on July 24 that records of the Court are not subject to the CPRA, and he was unable to comply with the request without the written consent of the Court.

Leat responded to OCEA's further demand for production on the evening of July 29 by sending "currently available information which details the Court's expenditures and revenues within the requested categories" for fiscal years 2001–2002 and 2002–2003. She complained the original request was "far beyond the scope of Rule of Court 6.702" and that complying would be burdensome and time-consuming. She proposed "as an alternative to your present request that the Court provide you with copies of the reimbursements and expenses for executive and judicial travel and training expenditures. Court time and costs associated with producing these records would be much less than supplying all the records in your current request and would appear to meet your objectives. If, after you review these records, you desire

additional records, you, of course, could make a further request." Leat added, "OCEA will be required to pay all costs associated with locating, redacting, and duplicating the records."

Still seeking all the records in its original request, OCEA filed this petition for a writ of mandamus against the Court and Leat (collectively referred to as the Court) and the County on July 30. It claimed the Court and the County were required to produce the requested records under rule 6.702 and the CPRA, respectively.

In late August, the Court received its budget allocation from the state, which allowed it to reinstate the 4 percent salary increase retroactive to June 27, 2003. After receiving briefs on whether the petition was moot, this court asked the Court and the County to submit formal returns to the petition, which were filed on January 14, 2004. OCEA's formal reply was filed on February 17.

## DISCUSSION

### *Statutory framework*

The CPRA provides that "[p]ublic records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record," subject to certain exceptions. (§ 6253, subd. (a).) Public records are defined by the CPRA as "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." (§ 6252, subd. (e).)

■ The judicial system has always been exempt from complying with the CPRA. (§ 6252, subd. (a); *Copley Press, Inc. v. Superior* Court (1992) 6 Cal.App.4th 106 [7 Cal.Rptr.2d 841].) While connected to the counties, however, "the local trial courts' budgets were public by virtue of the counties' budget process." (Assem. Com. on Appropriations, Analysis of Assem. Bill No. 2459 (1999–2000 Reg. Sess.) as amended May 4, 2000, p. 1.) In 1997, the Legislature enacted the Trial Court Funding Act (§ 68070 et seq.) (TCFA), which separated trial courts from counties and provided for direct funding of court operations by the state. The TCFA did not include a process for public review of a local court's budget. (Assem. Com. on Appropriations, Analysis of Assem. Bill No. 2459 (1999–2000 Reg. Sess.) as amended May 4, 2000, p. 1.) In 2000, the Legislature amended the TCFA, requiring the Judicial Council to adopt rules "to provide for reasonable public access to budget allocation and expenditure information at the state and local level." (§ 77206, subd. (e).) The Legislature directed that the rules must "ensur[e]

that, upon written request, the trial courts provide, in a timely manner, information relating to the administration of the courts, including financial information and other information that affects the wages, hours, and working conditions of trial court employees." (§ 77206, subd. (f).)

Also in 2000, the Legislature enacted the Trial Court Employment Protection and Governance Act (§ 71600 et seq.) (TCEPGA). Prior to the passage of the TCEPGA, trial court employees were "considered employees of the county for all matters within the scope of representation" (former § 3501.5), and their labor relations were governed by the Meyers-Milias-Brown Act (§ 3500 et seq.) (MMBA). The TCEPGA changed the status of trial court employees from employees of their respective counties to employees of the trial court, thus removing them from the purview of the MMBA, and provided a new personnel system for trial court employees that governs their hiring, classification, compensation, retirement, and labor relations. (§ 71639.3.)[2]

Pursuant to the Legislative directive of the TCFA, in 2001 the Judicial Council adopted rule 6.702 regarding maintenance of and public access to trial court budget and management information. The rule requires a trial court to maintain "[o]fficial documents . . . pertaining to the approved trial court budget allocation adopted by the Judicial Council and actual final year-end trial court revenue and expenditure reports . . . , including but not limited to budget allocation, revenue, and expenditure reports" and "[r]ecords or other factual management information on matters which are within the scope of representation as defined in Government Code section 71634" and "other matters referred to in . . . section 71634 unless distribution is otherwise precluded by law." (Rule 6.702(a).) Upon written request, a trial court must make the documents available to the requesting person. (Rule 6.702(d).)

Following the passage of section 77206, subdivisions (e) and (f) and the adoption of rule 6.702, the Legislature added section 71675 to the end of the last article of the TCEPGA, entitled "Relation to Other Trial Court Statutes." (Stats. 2001, ch. 270, § 12.) That section provides that a court employee, an employee organization, or a member of the public may petition the superior court if he or it believes there has been a violation of rule 6.702. It directs the

---

[2] Assembly Bill No. 2459 was responsible for the adoption of section 77206, subdivision (e); a related bill, Assembly Bill No. 2836, resulted in the adoption of section 77206, subdivision (f). Another related bill, Senate Bill No. 2140 (1999–2000 Reg. Sess.), resulted in the TCEPGA, enacted during the same legislative session.

Judicial Council to adopt rules establishing a panel of Court of Appeal justices to hear such petitions in the superior court on an expedited basis, specifically requiring that the justice hearing a petition shall not be from the district where the action was filed. (§ 71675, subds. (b) & (c).)[3]

*The petition is not moot.*

The Court contends the petition must be dismissed as moot because OCEA's original demand was made under the CPRA, which, OCEA now concedes, does not apply to the Court. Alternatively, the Court contends the petition is moot because the Court treated the request as one under rule 6.702 and fully complied one day before the petition was filed.

█ Because the Court treated the request as made under rule 6.702, we are unimpressed with its argument that the petition should be dismissed because the request was originally made under the CPRA. Furthermore, whether the Court has fully complied with the request is the heart of the controversy between the parties. OCEA claims the July 29, 2003 letter from Leat was not compliance under rule 6.702, because it has been given only summaries of the records and has not been allowed to inspect the originals. Furthermore, OCEA contends it should not be required to pay for the cost of locating the records, copying them, and redacting the confidential information. OCEA claims it wants to inspect the redacted copies and then decide which ones it wants copied for its own use; it contends it should only be charged for the latter copies. The Court contends it is only requiring that OCEA pay the standard copy charge that all members of the public must pay,

---

[3] Section 71675 is set out in full here:

"(a) Any trial court may adopt a procedure to be used as a preliminary step before petitioning the superior court for relief pursuant to subdivision (b) in matters concerning the release of information by that trial court. The Judicial Council may adopt a procedure to be used as a preliminary step before petitioning the superior court for relief pursuant to subdivision (b) in matters concerning the release of information by the Judicial Council.

"(b) Notwithstanding Sections 1085 and 1003 of the Code of Civil Procedure requiring the issuance of a writ to an inferior tribunal, in the event that a trial court employee, an employee organization, or a member of the public believes there has been a violation of Rule 6.702 of the California Rules of Court concerning the maintenance of, and public access to, budget and management information concerning the Judicial Council or the trial courts, that party may petition the superior court for relief.

"(c) The Judicial Council shall adopt rules of court to implement this hearing and appeal process. The rules of court shall provide a mechanism for the establishment of a panel of court of appeal justices who shall be qualified to hear these matters, as specified in the rules of court, from which panel a single justice shall be assigned to hear the matter in the superior court. The rules of court shall provide that these matters shall be heard in the superior court, and, if applicable, the court of appeal, on an expedited basis. To the extent permitted by law or rule of court, these rules shall provide that the justice assigned to hear the matter shall not be from the court of appeal district in which the action is filed, and shall provide that appeals in these matters shall be heard in the court of appeal district where the matter was filed."

which covers the cost of locating, redacting and copying. The resolution of this issue affects not only OCEA, but also future petitioners under rule 6.702.

■ Nor is the petition moot because the Court has reinstated the 4 percent salary increase. It is true that OCEA no longer needs the records for the 4 percent salary increase negotiation, but it still has the right to request their disclosure.Rule 6.702 states that it is to be interpreted consistently with the CPRA. (Rule 6.702(i).) The CPRA is based on the legislative finding that "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (§ 6250.) The CPRA "does not differentiate among those who seek access to public information. It 'imposes no limits upon who may seek information or what he may do with it.' [Citations.] What is material is the *public* interest in disclosure, not the private interest of a requesting party; [the CPRA] does not take into consideration the requesting party's profit motives or needs." (*State Bd. of Equalization v. Superior Court* (1992) 10 Cal.App.4th 1177, 1190–1191 [13 Cal.Rptr.2d 342].)

*The petition should be filed in the superior court.*

The Court contends the petition should be dismissed or denied because this court has no subject matter jurisdiction over it. It argues the procedure outlined in section 71675 creates an exclusive new remedy for the enforcement of the new right of public access to trial court budget records, thus depriving this court of subject matter jurisdiction and requiring OCEA to file its petition in the superior court. It argues the new remedy overrides this court's power to issue a writ of mandate "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such inferior tribunal . . . ." (Code Civ. Proc., § 1085, subd. (a); see *Orloff v. Los Angeles Turf Club* (1947) 30 Cal.2d 110 [112–113, 180 P.2d 321].)

Although section 71675 directs the Judicial Council to implement its remedy by rule, it has not done so. OCEA claims the absence of implementing rules renders the remedy useless because there is no panel of appellate court justices who are qualified to hear this matter in the superior court; in the absence of such a panel, it cannot petition the superior court for the issuance of a writ of mandate against itself. The Court suggests that if OCEA filed a writ in the superior court, it would result in the recusal of all the superior court judges. Then Code of Civil Procedure section 170.8 would be called into play: "When there is no judge of a court qualified to hear an action or proceeding, the clerk shall forthwith notify the Chairman of the Judicial

Council of that fact . . . ." The Court also argues OCEA's failure to file its petition in the superior court "deprived the Judicial Council of its right and opportunity to select an out-of-district justice to hear this matter and to otherwise comply with section 71675, [subdivision] (c)."

We do not agree that OCEA's failure to file its petition in the superior court has deprived the Judicial Council of its "right and opportunity" to comply with section 71675. Rather, it is the Judicial Council who has failed to perform a duty clearly placed on its shoulders by the Legislature. Its capability to perform such a duty is demonstrated by its adoption of a rule to implement section 71639.1, also part of the TCEPGA, which deals with the enforcement of labor agreements between the trial court and its employees. Section 71639.1 provides that labor agreements reached pursuant to negotiations under article 3 of TCEPGA may be enforced by petitioning the superior court. In language virtually identical to subdivisions (b) and (c) of section 71675, section 71639.1, subdivisions (d) and (f) allow a party to petition the superior court for relief from a violation of the article and direct the Judicial Council to adopt rules to implement the process. The Judicial Council did so by adopting rule 2211, which is set out below.[4]

■ The legislative intent is clear: Petitions for an alleged violation of rule 6.702 shall be filed in the superior court and be heard by an out-of-district appellate justice. Only the appeal from that hearing shall come to this court.

---

[4] Rule 2211:

"(a) This rule applies to petitions filed under subdivisions (c) and (d) of Government Code section 71639.1.

"(b) (1) The petition must state the following on the first page, below the case number, in the statement of the character of the proceeding (see rule 201(f)(6)): 'Writ petition filed under Government Code section 71639.1-Assignment of Court of Appeal justice required.' [¶] (2) When the petition is filed, the clerk must immediately request of the Judicial Assignments Unit of the Administrative Office of the Courts the assignment of a hearing judge from the panel established under subdivision (e). [¶] (3) The judge assigned to hear the petition in the superior court must be a justice from a Court of Appeal for a district other than the district for that superior court.

"(c) (1) The superior court must hear and decide the petition on an expedited basis and must give the petition priority over other matters to the extent permitted by law and the rules of court. [¶] (2) The petition must be heard by a judge assigned by the Chief Justice from the panel of hearing judges established under subdivision (e).

"(d) An appeal of the superior court decision must be heard and decided on an expedited basis in the Court of Appeal for the district in which the petition was heard and must be given priority over other matters to the extent permitted by law and the rules of court.

"(e) The panel of judges who may hear the petition in the superior court must consist of Court of Appeal justices selected by the Chief Justice as follows: [¶] (1) The panel must include at least one justice from each district of the Court of Appeal. [¶] (2) Each justice assigned to hear a petition under (c)(2) must have received training on hearing the petitions as specified by the Chief Justice."

If OCEA files its petition in the superior court, we are confident that the Judicial Council will be notified and will promptly perform its duty under section 71675.

■ OCEA argues section 71675 does not preclude this court from hearing its petition because the statute uses permissive language, thus making the remedy optional. (§ 71675, subd. (b) [the party claiming a violation of rule 6.702 *"may* petition the superior court for relief," italics added].) We need not decide whether the superior court has exclusive jurisdiction over the petition or concurrent jurisdiction with this court, because we would decline to exercise jurisdiction in any event. An appellate court will exercise original jurisdiction without a prior application to a lower court only under exceptional circumstances, i.e., "where some emergency exists or the public welfare is involved." (*Roma Macaroni Factory v. Giambastiani* (1933) 219 Cal. 435, 437 [27 P.2d 371]; see *Aden v. Younger* (1976) 57 Cal.App.3d 662, 670 [129 Cal.Rptr. 535], 8 Witkin, Cal. Procedure (4th ed. 1997) Extraordinary Writs, § 142, p. 933.) For example, in *Aden*, which concerned the constitutionality of new law authorizing electroshock therapy for mental patients, the court found the law dramatically affected the rights of mental patients and a prompt, dispositive decision was required.

No such emergency exists here. The original reason for OCEA's petition—negotiating leverage for the 4 percent salary increase—no longer exists. Although the case is not moot (OCEA still has a right to the records if it wants them), there is no urgency involved.

Furthermore, we disagree with OCEA's assertion that the character of the requested records can be determined as a matter of law. OCEA appears to concede that the records are not "[o]fficial documents of the trial court pertaining to the approved . . . budget allocation," nor are they "final year-end trial court revenue and expenditure reports . . . ." (Rule 6.702(a)(1).) But OCEA insists the records are "factual management information . . . within the scope of representation." (Rule 6.702(a)(2).)

The "scope of representation" is defined by the TCEPGA as including "all matters relating to employment conditions and employer-employee relations, including, but not limited to, wages, hours, and other terms and conditions of employment." (§ 71634, subd. (a).) Specifically excluded from the scope of representation, "in view of the unique and special responsibilities of the trial courts in the administration of justice," are "[t]he merits and administration of the trial court system" and "[d]elivery of court services." (§ 71634, subd. (b)(1) & (b)(5).) However, the *impact* from the merits and administration of the trial court system and the delivery of court services "shall be

included within the scope of representation as those matters affect wages, hours, and terms and conditions of employment of trial court employees." (§ 71634, subd. (c).)

The Court contends the requested records are not within rule 6.702 because they relate to the merits and administration of its system and the delivery of court services. It urges that the documents evidencing its practice of reimbursing court employees for travel and training expenses are clearly administrative records. OCEA, on the other hand, insists the documents are within the scope of representation because the information sought relates to the impact of the administration practice on trial court employees' wages, hours, and working conditions. Essentially, OCEA argues if the Court overspends on travel and training, there will be less money available for wages for its members.

The resolution of these arguments requires factual findings as to the character of the requested records. Unlike this court, the trial court is uniquely suited to examine them and determine whether some or all fall within rule 6.702.

### *The County is not required to disclose the records under the CPRA.*

Pursuant to written contract, the auditor-controller of the County serves as the auditor-controller for the Court. The County manages the Court's budgetary and financial matters including revenue, expenditures, and payroll; its responsibilities include issuing payroll checks, reimbursing expenses incurred by Court employees, maintaining records, and preparing reports.

Unlike the judicial system, the County is a local public agency subject to the CPRA. (§ 6252, subd. (a).) OCEA argues because the County prepares, uses and maintains the requested records, it is required to disclose them under the CPRA.

■ The contract between the Court and the County provides that "[a]ll records generated by or as a result of the Agreement shall become and remain the property of Court. County shall be entitled to make and retain copies of such records, or to obtain copies of such records from Court." Just because the Court contracts with the County for accounting services rather than with a private firm should not change the character of the records as the property of the Court. Section 77206 and rule 6.702 specifically address public access to the budget and financial records of the trial courts. OCEA's attempted end run around these specific provisions cannot succeed.

OCEA contends the CPRA takes precedence over the rules of court and must control, citing *In re Richard S.* (1991) 54 Cal.3d 857 [2 Cal.Rptr.2d 2, 819 P.2d 843]. There, the Supreme Court held that to the extent rule 244 required a written stipulation by the parties agreeing that a referee could sit as a temporary judge, it was in excess of the constitutional requirements and thus inconsistent with it. "The Judicial Council is simply empowered to 'adopt rules for court administration, practice and procedure, not inconsistent with statute . . . .' [Citation.]" (54 Cal.3d at p. 863.) There is no inconsistency here.

### *Sanctions are not warranted.*

The Court contends OCEA should be sanctioned for filing its petition in this court because it provided the requested records the day before the petition was filed and because OCEA filed the petition in the wrong court. The Court claims the petition is frivolous because it is "nothing more than a publicity stunt."

The Court complains that after it deferred the pay raise, OCEA began distributing fliers to its membership criticizing the Court and touting OCEA's efforts to reinstate the raise. The first flier accused the Court's chief executive officer and the presiding judge of orchestrating a "shake-down" of the court employees. It stated, "It appears the Court has squandered a vast amount of money in unnecessary junkets and extravagant expenses. In order to verify suspicions, we have made a Public Information request for all of Management's receipts regarding transportation, conferences, trips, meals, etc." After the Court and the County refused the requests for access to records, OCEA distributed a second flier informing its members that it had sued the Court and the County to compel disclosure, stating "It's time to take the Court to Court!" The third flier excerpted an editorial from the Los Angeles Times dated August 10, 2003, which characterized the snafu as a "mini-travelgate" and opined, "[C]ourt administrators have a legal obligation to tell the public how their tax dollars are being spent." After the Court reinstated the pay raise, OCEA published a flier proclaiming success "thanks to the hard work and participation of our members . . . ."

■ As we have explained *ante*, OCEA's motives for requesting the records are not relevant to the legitimacy of its request. The parties disagree over whether the Court has complied with OCEA's request; the merits of this controversy shall be decided by the superior court. And while we have decided against OCEA's position that its petition should be heard by this court, we do not find the petition frivolous. (Rule 27(e)(1).) This is a matter of first impression, and the correct procedure was by no means clear.

## DISPOSITION

The petition for a peremptory writ of mandate is dismissed without prejudice; OCEA is free to refile it in the superior court. The request for sanctions is denied. Each party shall bear its own costs.

Rylaarsdam, J., and Moore, J., concurred.