Filed 8/26/22  DiGiacomo v. City and County of San Francisco CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| RAYMOND VINCENT DiGIACOMO, JR., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendant and Respondent. | A162435 <br><br> (San Francisco City & County Super. Ct. No. CGC-20-582891) |

Plaintiff Raymond Vincent DiGiacomo, Jr., filed a complaint with the City and County of San Francisco (the City) about his alleged mistreatment by two San Francisco Superior Court employees when he attempted to file documents at the court.  The City denied his claim on the grounds the City had no liability for conduct of superior court employees and informed plaintiff he should direct his claim to the superior court.  Plaintiff sued the City anyway, and after the Judicial Council reassigned his case to the Alameda County Superior Court, the trial court sustained the City's demurrer to plaintiff's complaint without leave to amend.

Plaintiff's appeal (1) challenges the trial court's order sustaining the demurrer and denying his motion to strike the demurrer, (2) asserts the trial court improperly rejected his peremptory challenge to the judicial officer

assigned for all purposes as untimely, (3) contends the trial court failed to prevent discrimination against him, and (4) asserts he was entitled to a court reporter at the hearing on the City's demurrer. We reject all of plaintiff's challenges and affirm the judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2019, plaintiff filed the City's government claim form (claim form) complaining about his interactions with San Francisco Superior Court employees that took place on July 22, 2019. Plaintiff's claim form included a four-page attachment detailing his interactions with two clerks at the superior court. He asserts one clerk "flipped through [his] documents and then, within seconds, immediately began exhibiting verbally abusive behavior toward [him] which was both inappropriate and highly egregious." The clerk also became "very angry" and was "extremely upset" with plaintiff for failing to include certain information in his filing, and "belittled [him] . . . in a highly disrespectful tone" for including a certified mail request form. Plaintiff alleged the employee "displayed several instances of inappropriate vocal tones, pitches and levels, as well as unduly demeaning facial gestures in addition to highly abrupt and threatening body movements as he walked to and from his filing cabinets." After plaintiff made some modifications to his filing, he returned to the service window where he encountered a second clerk. Plaintiff alleged the second clerk "also exhibited disrespectful and snide behaviors toward [him] when [the clerk] asked [plaintiff] in an unusually and surprisingly degrading tone, 'Is this the correct address of the person you are planning to serve, or do you even know?' "

Plaintiff asserted the City "has exhibited elements of negligence by placing the two employees in question into 'customer-facing' and 'teaching-

2

oriented roles' " and the City was "actively enabling a systemic culture of hostility, harassment and poor service quality" by allowing the clerks to remain in their roles. Plaintiff sought a total of $183.65 as compensation for his treatment.

The City denied plaintiff's claim on August 12, 2019, with a letter stating that "[a]n investigation of your claim filed with the City and County of San Francisco has revealed no indication of liability on the part of the City and County." The City's denial directed plaintiff to refer his claim to the San Francisco Superior Court, and provided the address and phone number for the court.

On February 13, 2020, plaintiff filed a complaint against the City in superior court. Plaintiff alleged three causes of action against the City for negligence, negligent selection, and negligent infliction of emotional distress and sought injunctive relief compelling the superior court to, among other things, require clerks to attend "formal customer service and sensitivity training courses on a reasonably frequent basis."

The City filed a demurrer on August 4, 2020, with a hearing set for September 3. The City demurred on the ground that plaintiff failed to state a cause of action because the City was not a proper party, as the City is a separate public entity from the San Francisco Superior Court and does not own or control the superior court or its employees.

Plaintiff did not file an opposition to the demurrer. Instead, he filed a motion to strike the City's demurrer on August 20, 2020, setting the hearing for the same day as the demurrer, September 3. Plaintiff's motion to strike asserted the City's demurrer "exhibits bias or prejudice based on one's socioeconomic status or disability," and was "thus in violation of Uniform

Local Rule of Court 2.6(A), and thus subject to strike pursuant to [Code of Civil Procedure section] 436 [subdivision,] (b)."

On September 3, 2020, the San Francisco Superior Court recused itself. On September 18, 2020, the Alameda County Superior Court assigned the case to Judge Stephen Pulido for all purposes. The trial court issued a tentative ruling and held a hearing on the demurrer on October 29, 2020.

On January 27, 2021, the trial court issued an order sustaining the demurrer without leave to amend. The court concluded the City had "met its burden of establishing through facts subject to judicial notice that the Superior Court is not a department of Defendant or otherwise related to Defendant." The trial court also denied plaintiff's motion to strike the City's demurrer as untimely. The court observed that "[p]laintiff's motion may not be made with his opposition but must instead be separately noticed" and filed at least 16 court days before the court hearing. Plaintiff had filed his motion to strike on August 20, 2020, only 10 court days before the September 3 hearing. Finally, the court denied plaintiff leave to file a first amended complaint, noting that "[a]lthough courts apply a liberal standard when deciding whether to permit a party to [amend] its pleadings," plaintiff could not show he could amend to "state a cause of action against the City and County of San Francisco because his claims are against employees of the [San Francisco Superior Court]." The court ordered plaintiff's complaint dismissed with prejudice. Plaintiff appealed.[1]

---

[1] Although "[a]n order sustaining a demurrer without leave to amend is not appealable," an "appeal is proper . . . after entry of a dismissal on such an order." (*Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396; Code Civ. Proc., § 581d [a written order of dismissal is a judgment for all purposes when filed].)

4

## II.

## DISCUSSION

### A.    *Challenges to the Judge*

Plaintiff's opening brief asserts that at the beginning of the hearing on the demurrer, he moved "to orally . . . disqualify" the trial court judge under Code of Civil Procedure[2] sections 170.6, subdivision (a)(2) and 170.1, subdivision (a)(7) after reading "the discriminatory, denigrating, and victim-shaming commentary within said trial court judge's tentative ruling." Plaintiff claims his "reasoning for this was several-fold," and was based on both legal error and "unusually disheveled grammar" in the court's tentative ruling.

Plaintiff's claim is not cognizable on appeal because "[t]he determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding. The petition for the writ shall be filed and served within 10 days after service of written notice of the entry of the court's order determining the question of disqualification." (§ 170.3, subd. (d); see also *People v. Hull* (1991) 1 Cal.4th 266, 269–276 [§ 170.3, subd. (d) prescribes the exclusive means of appellate review of unsuccessful for cause and peremptory challenges].) Plaintiff points us to no evidence in the record indicating that an oral disqualification motion occurred, on what grounds it was made, or that the trial court denied it.[3]

---

[2] All undesignated statutory references are to the Code of Civil Procedure.

[3] This is another ground for rejection of his claim. (See, e.g., *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 ["Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff."].) We recognize plaintiff's argument that the trial court improperly failed to provide a court reporter at the demurrer hearing

Even assuming that the motion was made and denied at the October 29, 2020 hearing, however, we cannot review it on appeal from the judgment because a timely writ of mandate is the exclusive means by which a party may seek review of an unsuccessful disqualification challenge.[4]

## B. *Demurrer*

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action under any legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) "In determining whether plaintiffs properly stated a claim for relief, our standard of review is clear: ' "We treat the

---

and address that claim below. As we note below, when no reporter's transcript is available, an appellant may submit an agreed or settled statement. (Cal. Rules of Court, rules 8.130(h), 8.134, 8.137.)

[4] In any event, plaintiff's arguments lack substantive merit. It is undisputed that the Alameda County Superior Court issued an assignment for all purposes on September 18, 2020, which informed plaintiff he was required to timely exercise any peremptory challenge under the law. Although as a "general rule" a motion for disqualification is allowed any time before the commencement of a trial or hearing, subdivision (a)(2) of section 170.6 establishes several exceptions that impose shorter deadlines. (*Maas v. Superior Court* (2016) 1 Cal.5th 962, 978; *Bontilao v. Superior Court* (2019) 37 Cal.App.5th 980, 990.) Here, because the "assignment for all purposes" civil exception to the general rule applied, plaintiff was required to file his peremptory challenge within 15 days of the assignment. (§ 170.6, subd. (a)(2).) Because the notice was served by mail, plaintiff had five additional days under section 1013, meaning he had to move to disqualify the judge on or before October 8, 2020. Plaintiff concedes he did not do so until the beginning of the hearing on October 29, 2020. Furthermore, plaintiff's alleged motion to disqualify the judge based on a "permanent or temporary physical impairment" under section 170.1, subdivision (a)(7) lacks merit because the tentative ruling does not provide any evidence the judge was suffering from such an impairment as plaintiff argues in his appellate brief.

demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion, and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

Plaintiff argues the trial court erred in sustaining the City's demurrer because the City did not establish that the City, the State of California, and the superior court "are all *completely unrelated* entities."

The trial court sustained the demurrer on the basis that the City had established "through facts subject to judicial notice that the Superior Court is not a department of Defendant or otherwise related to Defendant." Plaintiff has not shown this was error. As Division Five of this court explained in *Obbard v. State Bar of California* (2020) 48 Cal.App.5th 345, 350, "The presiding judge of each superior court is a state officer (Cal. Const., art. VI, § 16), who controls the hiring, firing, and supervision of superior court employees, or delegates those duties to the court's executive officer. (Cal. Rules of Court, rules 10.603(c)(5), 10.610(a) and (c)(1).) The superior court is part of the state judicial branch (Cal. Const., art. VI, §§ 1, 4), administered by the state Judicial Council (*id.*, § 6), and funded through the state budget process. (See Gov. Code, § 68502.5.)" Superior court employees' salaries are

7

"part of the superior court's operations costs, for which the state is responsible."   (See *Obbard*, at p. 350; see also *Orange County Employees Assn., Inc. v. Superior Court* (2004) 120 Cal.App.4th 287, 293 [following passage of the Trial Court Employment Protection and Governance Act (Gov. Code, § 71600 et seq.), trial court employees are employees of the trial court, not their respective counties]; *Jones v. County of Los Angeles* (2002) 99 Cal.App.4th 1039, 1045 [" '[A] superior court is not a subagency of a county.  Rather, it is a separate branch of government.' "].)

Plaintiff also argues that the trial court improperly dismissed his complaint because it dismissed the complaint not only as to the City, but also as to the "Doe" defendants.  However, plaintiff does not show he attempted to make any "Doe" substitutions.  Plaintiff states in his opening brief *on appeal* that "as a *hypothetical example*" (italics added) he could have "swapped in either the State of California, or labor union SEIU 1021," but cites no evidence he attempted to do so in the trial court.[5]  (§ 474 [when true name of any fictitious defendant is discovered "the pleading or proceeding must be amended accordingly"]; Edmon & Karnow, Cal. Practice Guide: Civil

---

[5] Nor does plaintiff demonstrate for the first time on appeal that he could have amended his complaint to add the State of California or the superior court as a "Doe" defendant.  In order to sue a public entity, plaintiff must first present a government claim to that public entity that identifies the legal and factual basis for the claim, within six months of the events giving rise to the claim.  (Gov. Code, §§ 905, 910, 911.2, subd. (a); *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239 ["failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity"].)  Plaintiff did not allege, and does not contend, that he filed such a claim with the State of California or the superior court within six months of the alleged incident on July 22, 2019.  Although plaintiff stated in the declaration attached to his motion to strike that he had mailed a claim against the State of California on August 5, 2020, that was well beyond six months from the underlying events on which his action is based.

Procedure Before Trial (The Rutter Group 2022) ¶ 6:612.) Accordingly, plaintiff has not shown the trial court erred in dismissing the complaint against all defendants.

Plaintiff also appears to assert he was entitled to amend his complaint pursuant to section 472, subdivision (a). Section 472, subdivision (a) allows a party to amend a complaint once without leave of court before the defendant's answer, demurrer, or motion to strike is filed. However, the amended complaint must be filed on or before the date for filing an opposition to the demurrer or motion to strike, or after that date by stipulation of the parties. (*Ibid.*; Edmon & Karnow, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 6:603.) Because plaintiff did not amend his complaint within the time permitted, he has not demonstrated that the trial court abused its discretion in sustaining the demurrer without leave to amend.

Finally, plaintiff contends the trial court erred in sustaining the demurrer on the basis that he failed to cite authority supporting his allegation that the City owed him a duty because his motion to strike cited Government Code sections 910.8, 911, and 910.4. Beyond cursory citations to these statutes and citations to his briefing in the trial court, however, plaintiff does not explain or develop these arguments on appeal. Accordingly, they are forfeited. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 701, fn. 15 [failure to adequately develop argument with "meaningful legal analysis" forfeits the argument]; *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20, citing *Colores v. Board of Trustees* (2003) 105 Cal.App.4th 1293, 1301, fn. 2 [" 'it is not appropriate to incorporate by reference, into a brief, points and authorities contained in trial court papers, even if such papers are made a part of the appellate record' "].)

## C.    *Motion to Strike the Demurrer*

Plaintiff argues the trial court erred in denying his motion to strike the demurrer as untimely because he was not required to give notice 16 court days before the hearing on the motion.  Plaintiff contends section 435, subdivision (b)(2), which provides a "notice of motion to strike the *answer* or the *complaint*, or a portion thereof, shall specify a hearing date set in accordance with Section 1005" (italics added), does not apply to his motion to strike a *demurrer*, which only requires a hearing date set concurrently with the demurrer.

We agree with plaintiff that the trial court erred in denying his motion as untimely.  (§ 435, subd. (b)(3) [notice of motion to strike a demurrer shall set the hearing concurrently with the demurrer]; Edmon & Karnow, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 7:166 [a motion used to attack a demurrer "must be filed at or before the time an opposition to the demurrer is due—i.e., at least *9 court days* before the hearing on the demurrer; and it must be set for hearing *concurrently* with the demurrer," citing §§ 435, subd. (b), 1005].)

However, the trial court's error was harmless, as the motion lacked merit.  (Cal. Const., art. VI, § 13 [no reversal for procedural error unless it results in miscarriage of justice]; Code Civ. Proc., § 475 [appellate court disregards any error or improper ruling which does not affect party's substantial rights].)  A motion to strike under section 436 lies to "[s]trike out any irrelevant, false, or improper matter inserted in any pleading," or to "[s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."  (§ 436, subds. (a) & (b).)  The grounds for a motion to strike must appear on the face

10

of the pleading under attack (here the demurrer), or from matters which the court may judicially notice. (§ 437, subd. (a).)

In his motion, plaintiff argued the City's demurrer should be stricken because it "exhibit[ed] bias or prejudice based on one's socioeconomic status or disability." Plaintiff attached a lengthy declaration to his motion to strike, stating facts on which he based his assertion that the City's filing of the demurrer against him exhibited bias. Plaintiff did not identify any inappropriate matter in the demurrer that should be stricken, nor did he assert any procedural flaws in the demurrer or contest its timeliness, and his attempt to base his motion to strike on extrinsic information contained in a declaration was improper. (See, e.g., Edmon & Karnow, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 7:169.) Accordingly, the motion lacked merit, and the trial court did not err in denying it.

### D.   *Discrimination Against Plaintiff*

Plaintiff contends that under San Francisco Superior Court Local Rules, rule 2.6(A), Alameda County Superior Court Local Rules, rule 2.0(A), and the California Code of Judicial Ethics, canon 3B(6), "the court has a *duty* to prevent discrimination, bias and prejudice toward its litigants." Plaintiff asserts the trial court "failed to uphold" these duties when it "disregarded discriminatory acts" carried out against him by the City, including, but not limited to (1) the City filing its demurrer without allowing plaintiff access to its law library and (2) the City's deputy attorney told plaintiff that he "did 'not need' " access to the law library while knowing that plaintiff had limited access to the Internet and no desk to perform his legal research. Plaintiff fails to explain how the City's conduct in filing its demurrer violated rules governing the trial court's antidiscrimination obligations. In any event, as the City points out, plaintiff has not shown that he had a viable amendment

11

which he could have made in a first amended complaint if he had access to a law library.

## E.     Court Reporter

Finally, plaintiff asserts that the trial court failed to provide a court reporter to transcribe the demurrer hearing. Plaintiff contends the City timely requested a court reporter on August 4, 2020, and plaintiff also e-mailed the court two hours before the hearing to request a court reporter "pursuant to" *Jameson v. Desta* (2018) 5 Cal.5th 594. Plaintiff notes "[u]nfortunately, no court reporter was provided by the trial court at the demurrer hearing on October 29, 2020," but he makes no argument in his opening brief about the consequences or any prejudice resulting from that alleged failure.[6] Accordingly, we need not consider the issue further. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 [appellant must explain in brief exactly how trial court error caused a miscarriage of justice; "An appellate court is not required to examine undeveloped claims, nor to make arguments for parties."].)

Even were we to consider the issue on the merits, plaintiff has not shown he complied with California Rules of Court, rule 2.956(c)(2), which provides, in part, that a party should request a court reporter on the appropriate Judicial Council form 10 calendar days before the proceeding for which a court reporter is desired or as soon as practicable if the proceeding is set with less than 10 days' notice.[7] Here, by plaintiff's own admission, he

---

[6] In any event, even if no transcript was available, plaintiff could have obtained an agreed or settled statement in support of his appellate claims. (Cal. Rules of Court, rules 8.130(h), 8.134, 8.137.)

[7] We also observe that the "Notice of Assignment of Judge for All Purposes" served by the Alameda County Superior Court on September 18, 2020 contained a "NOTICE OF NONAVAILABILITY OF COURT

12

requested a court reporter two hours before the hearing by e-mail. Accordingly, the trial court did not err in failing to provide one.

## III.

## DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.

---

REPORTERS," indicating that the court does not provide court reporters for civil law and motion hearings.

_MARGULIES, J._

WE CONCUR:

HUMES, P. J.

BANKE, J.

A162435
_DiGiacomo v. City and County of San Francisco_

14